## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

MARK SMITH & TAMMY SMITH
*Petitioners-Plaintiffs,*

v.

NERIUM INTERNATIONAL, LLC, et. al.,
*Defendants*

On Petition for Permission to Appeal from the United States District
Court for the Central District of California
No. 8:18-cv-01088-JVS-PLA
Hon. James V. Selna

## SECOND AMENDED PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b) OR IN THE ALTERNATIVE, APPLICATION FOR A WRIT OF MANDAMUS

James G. Bohm
Bohm Wildish & Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Tel: 714-384-6500
jbohm@bohmwildish.com

*Petitioners-Plaintiffs,*
Mark Smith and Tammy Smith

TABLE OF CONTENTS

INTRODUCTION ....................................................................................1

JURISDICTIONAL STATEMENT ...........................................................2

QUESTIONS PRESENTED.......................................................................2

PERTINENT STATUTES..........................................................................4

STATEMENT OF FACTS .........................................................................5

RELIEF SOUGHT......................................................................................7

I.    APPEAL IS AUTHORIZED BY § 1292(b) AND SHOULD BE GRANTED
      8

      A.   The Order Involves Controlling Questions of Law ......................................8

      B.   There are Substantial Grounds for Difference of Opinion.........................10

      C.   Immediate Appeal May Materially Advance Ultimate Resolution ...........11

II.   THE DISTRICT COURT ERRED IN DEFERRING THE QUESTION OF

ARBITRABILITY TO THE ARBITRATOR .......................................................12

      1.   There is a Strong Presumption that a Court, not an Arbitrator, Decides

      Whether an Arbitration Clause is Enforceable.............................................12

      2.   There is No Clear and Unmistakable Evidence to Overcome the

      Presumption that the District Court Determines Arbitrability .....................13

i

III.    THE COURT ERRED IN FINDING THAT SUBSTANTIVE UNCONSCIONABILITY DOES NOT BAR ENFORCEMENT...........................17

IV.    THE ORDER REMAINS APPEALABLE, EVEN WITHOUT JURISDICTION BASED ON § 1292(b) BECAUSE A STAY DIRECTING LITIGATION MAY BE TREATED AS A FINAL ORDER .................................19

CONCLUSION ......................................................................................................20

<u>C</u>ASES

*Ajamian v. Cantor CO2e, L.P.,*

    203 Cal.App.4th 771 (2012) ........................................................ 12, 14

*Allstate Ins. Co. v.* Toll Bros Inc.

    171 F.Supp.3d 417 (E.D. Pa 2016). ....................................................17

*Armendariz v.* Foundation Health Psychcare Services, Inc.,

    24 Cal.4th 83 (2000) ...........................................................................18

*Brennan v. Opus Bank,*

    796 F.3d 1125, 1130 (9th Cir. 2015) ..................................................16

*Calzadillas v. Wonderful Co., LLC*

    WL 2339783 (E.D. Cal. June 3, 2019) ................................................15

*Rent-A-Ctr., W., Inc. v. Jackson*

    561 U.S. 63 (2010) ..............................................................................16

*D'Antuono v. Serv. Rd. Corp.*

    U.S. Dist. LEXIS 60721 at *6 (D. Conn. June 7, 2011) .......................11

*DeLock v. Securitas Security Services USA, Inc.*

WL 3150391 (2012).............................................................11

*Duffield v. Robertson, Stephens & Co.*

U.S. Dist. LEXIS 14996 (1997)...............................................11

*First Options of Chicago, Inc. v. Kaplan*

514 U.S. 938  (1995)................................................ 12, 13, 14

*Flores v. Transamerica HomeFirst, Inc.,*

93 Cal.App.4th 846(2001) ....................................................18

*Hartley v. Superior Court*

196 Cal.App.4th 1249 (2011) ................................................12

*Henry Schein, Inc. v. Archer & White Sales, Inc.*

139 S. Ct. 524 (2019).........................................................16

*Hoffman*
WL 5659406 (2007).............................................................11

*In Re Cement Antitrust Litg.*
673 F.2d 1020 (9th Cir. 1982) ...............................................9

*LAWI/CSA Consolidators, Inc. v. Wholesale & Retail Food Distrib.*

*Teamsters Local 63*, 849 F.2d 1236 (9th Cir. 1988) ...........................12

*Local Joint Exec. Bd. of Las Vegas v. N.L.R.B.*

540 F.3d 1072 (9th Cir. 2008) .............................................................12

*Marchese v. Shearson Hayden Stone, Inc.*

734 F.2d 414 (9th Cir. 1984) ..............................................................10

*Martinez v. Master Prot. Corp.*

118 Cal.App.4th 107, 115 (2004) ................................................. 18, 19

*Mercuro v.* Superior Court

96 Cal.App.4th 167 (2002) ...................................................................19

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*

460 U.S. 1 (1983) ............................................................................2, 19

*Muniz v. Sabol*
517 F.3d 29, 32 (1st Cir. 2008) ...........................................................10

*Nagrampa v. MailCoups, Inc.*

469 F.3d 1257 (9th Cir. 2006) ..................................................... 17, 18

*O'Hare v. Municipal Resource Consultants*

107 Cal.App.4th 267 (2003) ...............................................................18

*Reese v. BP Expl. (Alaska) Inc.*

643 F.3d at 681 (9th Cir. 2011) ..........................................................11

*Roberts v. AT&T Mobility LLC*

  U.S. Dist. LEXIS 83253 (2016)............................................................11

*Solis v. Kirkwood Resort Co.*

  94 Cal.App.4th 354(2001) ..................................................................14

*Stirlen v. Supercuts, Inc.*

  51 Cal.App.4th at 1519 (1997) ...........................................................19

*Tennenbaum v. Deloitte & Touche*

  77 F.3d 337 (9th Cir. 1996) ................................................................10

*United Pub. Emps. v. City & Cty. of San Francisco*

  53 Cal.App.4th 1021 (1997). ..............................................................12

*Wright v. Universal Mar. Serv. Corp.*

  525 U.S. 70 (1998)..............................................................................12

*Yamaha Motor Corp. U.S.A. v. Calhoun*

  516 U.S. 199 (1996)..............................................................................3

<u>S</u><u>TATUTES</u>

28 U.S.C § 1292(b)----------------------------------------------------------------- 2

28 U.S.C. § 1332 ------------------------------------------------------------------ 2

Cal. Lab. Code § 925----------------------------------------------------- 1, 3, 4, 8

Circuit Rule 28.2.7 ---------------------------------------------------------------- 4

Fed. R. App. P. 5 ------------------------------------------------------------------ 8


<u>O</u><u>THER</u> <u>A</u><u>UTHORITIES</u>

1 Goelz & Watts, Federal Ninth Circuit Civil Appellate Practice 2:160.3 at 2-43
  (2009)---------------------------------------------------------------------------- 8

Petitioners-Plaintiffs Mark Smith and Tammy Smith ("Plaintiffs") respectfully petition this Court to file an interlocutory appeal from a district court order dated September 10, 2019 ("the Order") (Appendix[1] 1, Doc. 123.[2] ).

## INTRODUCTION

This case relates to California employees, who have sued their employer in California, under California law for California related employment claims. These California employees are being forced to litigate their California claims in a Texas arbitration, under Texas law, when they specifically deemed void any choice of law and venue selection clause of their purported employment agreement under California Labor Code § 925 which voids, at the election of the employee, any venue or choice of law outside of California.

In granting Nerium's motion to stay the case so that the arbitration in Texas can proceed, the district court delegated to the Texas arbitrator the question of arbitrability, including whether an agreement to arbitrate exists and whether or not such agreement is unconscionable[3].

The district court properly exercised its discretion in certifying the Order for interlocutory appeal, recognizing that its decision implicated the three requirements

---

[1] The cited Appendix ("App."), filed concurrently herewith, contains all of the documents required by Federal Rule of Appellate Procedure 5(a)(1)(E).

[2] All record citations refer to district court docket sheet and number, Mark Smith, et al. v. Nerium International, LLC, et al. No. SACV 18-01088JVS (C.D. Cal.).

[3] The District Court did order that Defendants were estopped from arguing anything other than California law would apply to the issue of unconsiability.

for certification under 28 U.S.C § 1292(b): (1) a "controlling issue of law" (2) on which there are "substantial grounds for a difference of opinion," (3) for which immediate appeal may "materially advance the ultimate resolution of the litigation."

Even absent authorization based on § 1292(b), appellate jurisdiction remains proper because the court's directing the parties to arbitration via staying the litigation is effectively a final order because it sends Plaintiffs "out of court." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 2.

## JURISDICTIONAL STATEMENT

The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties had complete diversity of citizenship and the amount in controversy exceeds $75,000. This Court has jurisdiction under 28 U.S.C. § 1292(b).[4] The district court certified for interlocutory appeal. This Petition is timely because it was filed on December 20, 2019, within 10 days of entry of the certification Order on December 9, 2019. See 28 U.S.C. § 1292(b).

## QUESTIONS PRESENTED

1.    Whether a district court may properly order (or effectively order) by directing California employees to arbitrate their California-related employment claims in Texas when the employees deemed void any Texas venue and choice of law

---

[4] An order directing arbitration is not ordinarily appealable, but may be appealed where, as here, the district court certifies part of its order directing arbitration for immediate interlocutory appeal pursuant to section 1292(b).

provisions of their purported employment contract under Labor Code § 925.

2. Whether a district court may properly apply collateral estoppel to find the existence of an agreement to arbitrate in an employment contract based on a summary court proceeding (without a jury) in Texas where the California employees were denied the ability to fully and fairly litigate their claims in Texas and the employees had first brought an action in California seeking adjudication regarding the very same provision.

3. Whether a bare reference to the AAA rules in unsophisticated parties' employment contract constitutes "clear and unmistakable" evidence of the parties' intent to delegate arbitrability disputes to said out-of-state arbitrator.

While the district court certified the third question, "certification is to the entire order,"[5] and Plaintiffs respectfully request interlocutory review of all three questions, fairly included in the Order certified, which includes the district court's 1) denial of Plaintiff's Reconsideration Motion (based on its denial of the Motion for TRO) and 2) granting a stay pending arbitration. These and other issues are presented by this petition, and appellate jurisdiction extends to the entire order and all the issues raised thereby. See *Yamaha Motor Corp. U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

---

[5] Plaintiffs' Motion to Certify the Order for Interlocutory Appeal noted the "broad scope of issues reviewable upon certification: if the Court of Appeals accepts interlocutory appeal, it may address any issue fairly included within the certified order, as it is the order that is appealable and not the controlling question identified by the district court." Motion at 5:21-27 and ftn. 5.

# PERTINENT STATUTES

Pursuant to Circuit Rule 28.2.7, the pertinent statute includes:

Cal. Lab. Code § 925:

(a) "An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:

   (1) Require the employee to adjudicate outside of California a claim arising in California.

   (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

(c) In addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees.

(d) For purposes of this section, adjudication includes litigation and arbitration.

(e) This section shall not apply to a contract with an employee who is in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the

employment contract may be adjudicated or the choice of law to be applied.

(f) This section shall apply to a contract entered into, modified, or extended on or after January 1, 2017.

## STATEMENT OF FACTS

Plaintiffs first filed their Complaint in California state court. App. 7. Thereafter, Nerium filed suit against Plaintiffs, and others, in Texas state court ("the State court proceeding"), seeking an injunction preventing Plaintiffs from soliciting Nerium's Brand Partners and employees. App. 8, Doc. 52-1 ¶10. Nerium also removed the California state court case to federal court based on diversity jurisdiction. App. 9, Doc. 1. With respect to the Texas state court case, Nerium submitted an arbitration demand with the AAA in Texas. App. 10, Doc. 80-3.

Plaintiffs, in the California state case, filed an ex parte application with the district court to enjoin the AAA arbitration in Texas (App. 11, Doc. 15), which the court denied "without prejudice to renewal after the court has ruled on Nerium's anticipated motions challenging jurisdiction and seeking to transfer the case." App. 12, Doc. 23. Nerium thereafter filed four jurisdictional motions, including a motion to dismiss for lack of personal jurisdiction and failure to state a claim, a motion to transfer, and a motion to dismiss or stay pending arbitration. App. 13, Doc. 27-30.

Nerium also filed a Motion to Compel Arbitration in Texas state court (App. 14, Doc. 78-2), which Plaintiffs filed a response and a Motion to Stay Arbitration

(App. 15, Doc. 78-4), emphasizing that the Texas state court "must determine threshold arbitrability issues, including whether the [Smiths] are bound by an arbitration agreement, Nerium's waiver of arbitration, and Nerium's prior material breach and fraud." *Id* at 2. The Texas state court held a summary evidentiary hearing. App. 16, Doc. 86-1. The Texas court granted Nerium's Motion to Compel and stayed the Texas litigation pending arbitration. App. 17, Doc. 78-5.

In ruling on Nerium's jurisdictional motions, the court found that there was personal jurisdiction as to Nerium with respect to certain claims (App. 18, Doc. 71 at 15) and denied Nerium's Motion to Transfer, finding that there were factual disputes as to whether or not Plaintiffs entered into the arbitration agreement. *Id* at 20,n.9, 21.

Plaintiffs thereafter filed a motion for a TRO ("TRO Motion") enjoining Nerium from pursuing arbitration in Texas pending the district court's ruling on whether or not an arbitration agreement had been entered into. App. 4, Doc. 77. Nerium filed a Motion to Stay or Dismiss the California state court action pending the Texas arbitration. The district court denied the TRO Motion on collateral estoppel grounds—holding that the summary proceeding in the Texas state court collaterally estopped Plaintiffs from contending that they did not agree to the arbitration clause. App. 20, Doc. 110. The district court also granted the Stay of the District Court matter pending the Texas arbitration holding that the parties delegated to the arbitrator the issue of arbitrability and that the Texas arbitrator could determine whether or not the

arbitration agreement is unconscionable.

Plaintiffs filed a Motion for Reconsideration ("Reconsideration Motion") of the court's ruling denying the TRO Motion (App. 5, Doc. 112), principally arguing that the district court should reconsider its ruling denying the stay of the Texas state court arbitration proceeding because the court failed to consider the implications of Labor Code § 925, which requires that California employees be able to litigate their California related employment claims in California, under California law, which Plaintiffs briefed in their moving papers and Nerium never rebutted. In other words, even if Plaintiffs agreed to arbitrate their claims, the arbitration must occur in California, applying California law.

The September 10 order (App. 1, Doc. 123) comprises two rulings, the court's: (1) denial of Plaintiffs' Reconsideration Motion of the order denying their TRO Motion, and (2) granting a stay pending the outcome of the Texas arbitration. Plaintiffs filed a Motion to Certify the Order for Interlocutory Appeal pursuant to §1292(b) (App. 3, Doc. 125) ("the Motion"), which Nerium opposed (App. 19, Doc. 127), and Plaintiffs replied (App. 21, Doc. 128). On December 9, 2019, the court certified the Order for interlocutory appeal (App. 2, Doc. 132), finding the standard under § 1292(b) was met as to Plaintiffs' third question.

**RELIEF SOUGHT**

Plaintiffs respectfully ask this Court to exercise its discretion to assume

jurisdiction over this case pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5 in granting appellate review, and reverse the district court's Order: (1) staying the California District Court proceeding while the parties arbitrate in Texas; and (2) denying the injunction of the Texas arbitration. Plaintiffs also request that this Court immediately enjoin the Texas arbitration proceedings pending this appeal. Plaintiffs request an injunction against the Texas arbitration proceedings and an award of attorneys' fees and other costs incurred against Nerium on appeal, pursuant to Labor Code § 925(c).[6]

In the alternative, Plaintiffs petition this Court for a writ of mandamus directing the district court to lift the stay of proceedings and enjoin the Texas arbitration pending the court's resolution of the arbitration issues.

## I.  APPEAL IS AUTHORIZED BY § 1292(b) AND SHOULD BE GRANTED

### A. The Order Involves Controlling Questions of Law

"[I]n this circuit, 'all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation.'" *Id.* Resolution need not "terminate the litigation" altogether. *Id.*[7] "Controlling" includes questions "serious to the conduct of the litigation, either practically or legally." 673 F.2d at 1028.

---

[6] Section 925(c) provides: "In addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorneys' fees."
[7] 1 Goelz & Watts, Federal Ninth Circuit Civil Appellate Practice 2:160.3 at 2-43 (2009).

Here, interlocutory review would indeed curtail needless expense and delay by ensuring Plaintiffs' claims are not litigated in a forum lacking the power to decide the matter. Indeed, hardly any question is more fundamental to litigation than whether the forum "has jurisdiction" over it. 673 F.2d at 1026-7.

Even more integral to resolution is whether Plaintiffs "clearly and unmistakably" delegated disputes to arbitration at all. Absent interlocutory review, Plaintiffs could not appeal the finding that they agreed to a delegation clause, or that they qualify as "sophisticated" parties, until *after* arbitration resulting in having to re-litigate before the proper tribunal.

The first question (Section 925) is "serious" and therefore, "controlling" from a procedural and practical standpoint. The procedural impact—whether Plaintiffs are forced to arbitrate in Texas, under Texas law, or alternatively, litigate their claims in California, under California law, is undoubtedly *legally* serious. Moreover, a court's disregarding Section 925 prevents California employees from vindicating their statutory rights. It is also *practically* serious in light of the exorbitant costs triggered by out-of-state arbitration—for example, in Texas, employees must share the costs of the arbitration whereas in California, the employer must pay the costs in addition to the obvious expenses of a California employee having to litigate in Texas.

The second question (collateral estoppel) is a "controlling" question of law because its resolution is indisputably outcome-determinative. The district court

deemed the third question (delegation) a "controlling question of law appropriate for interlocutory review." Order at 5. A district court's interpretation of an arbitration agreement and determination that the matter in question is appropriate for arbitration are questions of law. *Marchese v. Shearson Hayden Stone, Inc.* (9th Cir. 1984) 734 F.2d 414, 419.

## B. There are Substantial Grounds for Difference of Opinion

Substantial grounds for difference of opinion are exemplified by novel questions of law (*Id*; *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996)) and a split between circuits or districts (*Muniz v. Sabol,* 517 F.3d 29, 32 (1st Cir. 2008)). Both are present here. Plaintiffs document in depth the Circuit split (Motion at 14-16) as to both the delegation question and what constitutes "sophisticated" in the context of delegating arbitrability. The district court acknowledged the multitude of courts within this Circuit whose rulings deviate from *Brennan*'s conclusion regarding the incorporation of arbitration rules as evidence of delegation, and the lingering question regarding its applicability to unsophisticated parties. The court held that "[Plaintiffs] have demonstrated substantial ground for difference of opinion on this issue, as it presents a 'novel and difficult' question." Order at 6.

The second question (collateral estoppel) is also met, as different courts could disagree on whether collateral estoppel applies to a summary proceeding where the

10

parties were not entitled to a jury and were not given a full and fair opportunity to conduct discovery.

## C. Immediate Appeal May Materially Advance Ultimate Resolution

Interlocutory appeal need not "have a final, dispositive effect on the litigation." *Reese v. BP Expl. (Alaska) Inc*., 643 F.3d 681, 688. Instead, courts consider the facts and equities and may take a "flexible approach." *Id*; *Hoffman*, 2007 WL 5659406 at *4 "The Ninth Circuit has accepted interlocutory appeals from orders compelling arbitration while court proceedings are stayed, implying such appeals do have the potential to materially advance the litigation". *See D'Antuono v. Serv. Rd. Corp*., 2011 U.S. Dist. LEXIS 60721 at *6 (D. Conn. June 7, 2011)(although appeal "will of course delay the arbitration," certification was appropriate because it might result in no arbitration at all).[8]

Here, all three questions are met. Interlocutory review decreases the probability of retrial. Interlocutory review can obviate the exorbitant out-of-state arbitration costs, which are over $40,000. See Motion, Ex. C, Plaintiffs' Summary

---

[8] There is ample case law finding this requirement is easily met in the arbitration context. *DeLock v. Securitas Security Services USA, Inc*., 2012 WL 3150391 *8 (E.D. Ark. Aug. 1, 2012) (certifying order compelling arbitration because "an interlocutory appeal holds promise for speeding up this litigation"); *Roberts*, 2016 U.S. Dist. LEXIS 83253 at *4-5 (citing *Duffield v. Robertson, Stephens & Co*., 1997 U.S. Dist. LEXIS 14996, at *21 n.5 (N.D. Cal. Mar. 13, 1997) (holding that "regardless of the result of the arbitration, plaintiff will appeal her case to the Ninth Circuit" so it was preferable "to have a ruling from the Ninth Circuit sooner rather than later")).

Invoice.[9] Without immediate review, Plaintiffs will be subjected to considerable expenses in obtaining an arbitration award that ultimately may very well be unenforceable as wrongly ordered.

## II. THE DISTRICT COURT ERRED IN DEFERRING THE QUESTION OF ARBITRABILITY TO THE ARBITRATOR

### 1. There is a Strong Presumption that a Court, not an Arbitrator, Decides Whether an Arbitration Clause is Enforceable

There is a presumption against arbitrators determining the scope of their own jurisdiction.[10] The "clear and unmistakable" evidence standard is a stringent one. "Even broad arbitration clauses that expressly delegate the enforceability decision may not meet the clear and unmistakable test, where other language in the agreement creates uncertainty in that regard." *Ajamian*, 203 Cal.App.4th at 792."[S]ilence or ambiguity" is not enough to overcome the presumption that a court decides whether an arbitration clause is enforceable. *First Options*, 514 U.S at 944. Such disputes may be referred to an arbitrator "only if parties leave no doubt that such was their intent," *LAWI/CSA Consolidators, Inc. v. Wholesale & Retail Food Distrib.*, *Teamsters Local 63*, 849 F.2d 1236, 1239 (9th Cir. 1988);("clear and unmistakable" waiver cannot be "infer[red] from a general contractual provision," but must be "explicitly stated").[11]

---

[9] Plaintiffs' Motion discusses the additional violation of California law and infringement on public policy resulting from the Order directing parties to out-of-state arbitration. Motion at 17:16-25.
[10] This principle, moreover, is true under both California law and the FAA. *First Options*, 514 U.S. 938, 944 (1995) (applying FAA); *Hartley v. Superior Court*, 196 Cal.App.4th 1249, 1253-55 (2011) (applying California law); *United Pub. Emps. v. City & Cty. of San Francisco*, 53 Cal.App.4th 1021, 1026 (1997).
[11] *Local Joint Exec. Bd. of Las Vegas v. N.L.R.B.*, 540 F.3d 1072, 1079–80 (9th Cir. 2008)

Nerium has not—and cannot—meet that standard here.

## 2. There is No Clear and Unmistakable Evidence to Overcome the Presumption that the District Court Determines Arbitrability

The AAA rules do not clearly and unmistakably state that an arbitrator—not the court—shall decide whether an arbitration clause is enforceable. They state that the arbitrator has the power to decide that issue. (App. 22 at R-7). But so too does the court. Nowhere do the rules say that, by agreeing to arbitrate under them, parties forfeit their right to ask the court to exercise its power. And even if the AAA rules *did* clearly and unmistakably state that, a single bare reference to these rules as a whole—nearly 50 pages long—buried in the P&Ps, which themselves are pages of fine print, could not possibly be clear and unmistakable evidence that Plaintiffs intended to adopt that specific rule. Thus, there is no evidence whatsoever—let alone clear and unmistakable—that the parties agreed that an arbitrator, not the court, will decide enforceability.[12]

In concluding otherwise, the court relied entirely on the bare reference to the AAA rules. The court held that by clicking a box—which Nerium required as a condition of employment—stating they agree to terms governing any employment-related disputes, Plaintiffs clearly and unmistakably demonstrated their intent to forfeit their right for a court to decide whether the arbitration clause is enforceable

---

[12] *Cf. First Options*, 514 U.S at 944 (stating that silence is insufficient to overcome the presumption that courts decide whether parties must arbitrate their disputes).

simply based on said reference the AAA rules (in fact, *multiple* sets of rules and procedures which Nerium may *opt* to use or not use). To get from said reference to this conclusion, the court relied on two premises, both erroneous: (1) assuming that the AAA rules clearly and unmistakably provide that an arbitrator must decide disputes about unconscionability; and (2) by supposedly incorporating these rules, Plaintiffs clearly and unmistakably demonstrated their intent to delegate enforceability disputes.

First, the provision in the AAA rules that the court identified as supposedly clearly and unmistakably delegating enforceability disputes to the arbitrator is neither clear nor unmistakable. The court pointed to a rule titled "Jurisdiction," which states "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim," App. 22 at R-7. But this rule doesn't state that questions of enforceability **must** be decided by an arbitrator and not a court. It merely says that the arbitrator "ha[s] the power" to decide them. That "tells the reader almost nothing, since a court also has power to decide such issues," especially if litigation has already been commenced. 203 Cal.App.4th at 790. At most, the provision is ambiguous. And in determining whether there is clear and unmistakable evidence of delegation, ambiguity is insufficient. 514 U.S. at 945; see also *Solis v. Kirkwood Resort Co.*, 94 Cal.App.4th 354, 355 (2001)

(ambiguous contract terms "should normally be construed against the drafter").

Second, even if the AAA rules *did* state that an arbitrator must decide whether an arbitration clause is enforceable, that still would not constitute "clear and unmistakable evidence" that the parties intended to forfeit their right to a court deciding whether the arbitration clause itself is enforceable before requiring arbitration. A single reference to the whole set of the AAA rules, buried in pages of fine print, cannot possibly give anyone "much of a clue that she is giving up her usual right to have the court decide whether the arbitration provision is enforceable," 203 Cal.App at 790; *accord Calzadillas v. Wonderful Co., LLC*, 2019 WL 2339783 at 4 (E.D. Cal. June 3, 2019).

To know that they might be forfeiting such a consequential right, Plaintiffs would have had to: (1) pick out said single reference to AAA rules in the P&P terms, amidst pages of fine print; (2) recognize that these rules might govern whether a court or an arbitrator would decide whether the arbitration clause is enforceable; (4) write to the AAA for a copy of its rules or search for them online; (5) read through nearly 50 pages of rules; and (6) interpret the "Jurisdiction" rule to mean that a court would have *no role* in determining whether the arbitration clause was valid and enforceable, despite the rule not saying that.  If Nerium wanted to clearly and unmistakably provide that an arbitrator, not the court, must decide enforceability, it needed only

include a statement to that effect in its terms.[13] It did not do so.

The district court relied on *Brennan*'s holding[14] (Order at 9), but *Brennan* does not—and should not—control here. It's not clear that *Brennan* itself accords with Supreme Court precedent. In an oral argument last term, multiple Supreme Court Justices expressed doubt that a bare reference to the AAA rules could possibly constitute "clear and unmistakable evidence" that parties intended to delegate questions of arbitrability. See Oral Arg. Tr., *Henry Schein* at *43 (Justice Ginsburg asking why the AAA rule that arbitrators have the power to decide arbitrability questions cannot be read to mean that "the arbitrator has this authority to decide questions of arbitrability, but it is not exclusive of the court" and thus is not "clear and unmistakable" evidence of delegation). And although the Court did not ultimately decide the issue, it admonished lower courts considering it that they "should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." 139 S. Ct. at 530.

But even if *Brennan* itself accorded with Supreme Court precedent, it is, by its terms, limited to sophisticated parties. And for good reason—it is one thing to assume that sophisticated contracting parties will understand that simply referencing the AAA

---

[13] *Cf. Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 66, 69, n.1 (2010) (no dispute that there was clear and unmistakable evidence that parties intended for arbitrator to decide enforceability disputes where arbitration clause provided "[t]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable").

[14] (citing *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015))

rules might be viewed as evidence of an intent to have an arbitrator decide arbitrability disputes. But the average employee is unlikely to guess that simply by agreeing to arbitration under a certain set of rules, they could be giving up their right to have a court decide whether the clause itself is enforceable before requiring arbitration. Therefore, that an employee agreed to arbitration under certain rules cannot possibly be sufficiently clear and unmistakable, as held in this Circuit.[15] It's already a "difficult proposition to say that the text of an arbitration clause itself, when found among contract boilerplate," represents parties' intent. *Allstate Ins. Co. v. Toll Bros. Inc*, 171 F.Supp.3d 417, 429 (E.D. Pa. 2016). "But incorporating 40 pages of arbitration rules into an arbitration clause is tantamount to inserting boilerplate inside of boilerplate, and to conclude that a single provision contained in those rules amounts to clear and unmistakable evidence of an unsophisticated party's intent would be to take a good joke too far." *Id*.

## III. THE COURT ERRED IN FINDING THAT SUBSTANTIVE UNCONSCIONABILITY DOES NOT BAR ENFORCEMENT

The district court's conclusion that substantive unconscionability does not bar enforcement of the delegation clause (Order at 9-11) omits a glaring flaw in the arbitration provision which establishes substantive unconscionability. Analogous to *Nagrampa v. MailCoups, Inc.* (9th Cir. 2006) 469 F.3d 1257, 1285, two aspects of

---

[15] See Plaintiffs' Motion for the string of cases in this Circuit and elsewhere which have held that a bare reference to arbitral rules is insufficient to delegate arbitrability disputes. Motion at p.15.

the arbitration provision "exhibit a lack of mutuality supporting a finding of substantive unconscionability." First, the contract gives Nerium access to a judicial forum to obtain provisional remedies to protect its intellectual property, while providing Plaintiffs with only the arbitral forum to resolve their claims. Second, the arbitral forum is designated as Dallas, Texas, a location considerably more advantageous to Nerium, as its corporate headquarters is in Dallas. These same aspects were at issue in *Nagrampa* and this Court found substantive unconscionability for lack of mutuality. "Where the party with stronger bargaining power has restricted the weaker party to the arbitral forum, but reserved for itself the ability to seek redress in either an arbitral or judicial forum, California courts have found a lack of mutuality supporting substantive unconscionability."469 F.3d at 1285. As the California Supreme Court held, substantive unconscionability may manifest in the form of "an agreement requiring arbitration only for the claims of the weaker party but a choice of forums for the claims of the stronger party." *Armendariz*, 24 Cal.4th at 119; *Martinez v. Master Prot. Corp*., 118 Cal.App.4th 107, 115 (2004).[16] Here too, the arbitration clause lacks mutuality. Like the contract in

---

[16] In *O'Hare v. Municipal Resource Consultants*, 107 Cal.App.4th 267 (2003), the California Court of Appeal was called upon to analyze the unconscionability of an arbitration clause in an employment contract that required an employee to arbitrate all claims, but expressly permitted the employer to file a lawsuit seeking injunctive and equitable relief against the employee and remained silent as to the employer's obligation to arbitrate. Reasoning that the arbitration rules themselves permit such relief, the Court held there was no justification for the one-sided provision and because it permeated the entire provision, refused to enforce it for unconscionability. *Id.* at 277–78; *Flores v. Transamerica HomeFirst, Inc.,* 93 Cal.App.4th 846, 854 (2001) finding lack of mutuality of remedies where debtor was forced to arbitrate any controversy arising out of a loan, but lender could "proceed by judicial or non-judicial foreclosure, by self-help remedies, and by injunctive relief to obtain appointment of a receiver"); *Stirlen v. Supercuts,*

*O'Hare*, it requires Plaintiffs arbitrate any employment-related dispute, while reserving Nerium's right to obtain different remedies in different forums. Subsection (c) reads: "Nothing in this rule shall prevent [Nerium] from applying to and obtaining ***from any court*** having jurisdiction, a temporary injunction, preliminary injunction, and/or other injunctive or emergency relief available" Motion, Ex. A at 11.09(c)(emp. added). Further, (b) says that the arbitrator shall have no jurisdiction over intellectual property or proprietary or confidential information and that Nerium "may seek ***any applicable remedy in any applicable forum*** with respect to these disputes ***and with respect to money owing to the Company***." (emp. added). California courts consistently have found such provisions unconscionable.[17]

## IV. THE ORDER REMAINS APPEALABLE, EVEN WITHOUT JURISDICTION BASED ON § 1292(b) BECAUSE A STAY DIRECTING LITIGATION MAY BE TREATED AS A FINAL ORDER

A district court stay order may be treated as final if immediate appeal is the only method for obtaining review and dismissal of the appeal would effectively send the party "out of court" (i.e. no further litigation in the federal forum). *Moses*, 460 U.S. at 2. In *Moses*, the Court held that a district court order staying federal proceedings brought to compel arbitration until the completion of the parallel state court proceedings was effectively final because the order ***had the effect of***

---

Inc., 51 Cal.App.4th 1519 1539–42(1997*)* (finding unconscionability where employment disputes were required to be arbitrated, but breach of confidentiality clause claims could be brought in court).

[17] See *Martinez* at 115; *Mercuro v. Superior Court*, 96 Cal.App.4th 167, 176 (2002); *Stirlen*, 51 Cal.App. at 1541–42

terminating the litigation ***in the federal forum***. *Id* at 10 (emp added). Here, the court's stay to pursue arbitration has precisely that effect. What makes this more "final" than a typical stay pending arbitration is the collateral estoppel ruling barring re-litigation. Moreover, Plaintiffs' low likelihood of successfully vacating an arbitration award further highlights the finality of the stay.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court permit interlocutory review under 28 U.S.C. § 1292(b).

## STATEMENT OF RELATED CASES

Petitioners-Plaintiffs are unaware of any related case pending before this Court.

Dated: December 20, 2019

Respectfully submitted,

*/s/ James G. Bohm*

JAMES G. BOHM

Bohm Wildish & Matsen, LLP

*Attorney for Petitioners-Plaintiffs*

*Mark Smith and Tammy Smith*

## CERTIFICATE OF COMPLIANCE

I certify that this petition is 20 pages, excluding the portions exempted by Fed. R. App. P. 5(c) and 32(f) and Circuit Rule 5-2(b), which is less than the limit of 5,600 words established by Circuit Rules 5-2(b) and 32-3(2). The petition's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Dated:       February 28, 2020

*/s/ James G. Bohm*

JAMES G. BOHM

# CERTIFICATE OF SERVICE

I hereby certify that on **February 28, 2020**, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that on **February 28, 2020**, I electronically served the foregoing on the interested parties in this action by using email lli@bohmwidlish.com

**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P**.
Monica Latin (admitted *pro hac vice*)
mlatin@ccsb.com
901 Main Street, Suite 5500
Dallas, TX 75202

**BLANK ROME LLP**
Mike Margolis
mmargolis@blankrome.com
Naki Margolis
nmargolis@blankrome.com
Harrison Brown
hbrown@blankrome.com
Ping Zhang (SBN 312257)
pzhang@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067


Dated:        February 28, 2020


*/s/ Lance Li*

Lance Li