## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**MARK SMITH and TAMMY SMITH,**              *Plaintiffs–Petitioners*

**v.**

**NERIUM INTERNATIONAL, LLC,**
**and JEFF OLSON,**                          *Defendants–Respondents*

On Petition for Permission to Appeal from the
United States District Court – Central District of California
No. 8:18-CV-01088-JVS-PLA
*Hon. James V. Selna*

## RESPONDENTS' ANSWER IN OPPOSITION TO
## SECOND AMENDED PETITION FOR PERMISSION TO APPEAL
## PURSUANT TO 28 U.S.C. § 1292(b)

Monica Latin
  mlatin@ccsb.com
Ken Carroll
  kcarroll@ccsb.com
CARRINGTON COLEMAN
  SLOMAN & BLUMENTHAL, LLP
901 Main Street, Suite 5500
Dallas, Texas 75202
214-855-3000

Mike Margolis
  mmargolis@blankrome.com
Harrison Maxwell Brown
  hbrown@blankrome.com
BLANK ROME LLP
2029 Century Park East
6th Floor
Los Angeles, California 90067
424-239-3400

*Attorneys for Defendants–Respondents*
*Nerium International, LLC and Jeff Olson*

## DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, the undersigned counsel for Defendant–Respondent Nerium International, LLC states that Nerium International, LLC has no parent corporation and that there is no publicly held corporation that owns 10% or more of its stock or equity.

Defendant–Respondent Nerium International, LLC changed its name to "Neora, LLC" in 2019. To avoid confusion, and because proceedings, orders, and briefing in the district court used the company's former name, "Nerium International, LLC," Defendants–Respondents will continue to refer to the company as "Nerium" or "Nerium International" in this Answer.

/s/ Ken Carroll
*Attorney for Defendants–Respondents*

# CONTENTS

Disclosure Statement.................................................................2

Contents.....................................................................................3

Authorities................................................................................4

Background................................................................................7

A.  Court Proceedings.............................................................8

B.  The Arbitration ...............................................................10

Standard of Review................................................................11

Argument.................................................................................12

A.  Defects in the Trial Court's Certification Order Deprive this Court of Jurisdiction.................................................................13

B.  The Court Should Reject or Decline Interlocutory Review under § 1292(b).............................................................15

    1.  No controlling question of law............................................15

    2.  No "substantial ground for difference of opinion" .............19

    3.  Interlocutory appeal will not materially advance the ultimate termination of the litigation..................................20

    4.  The Court should exercise its discretion to decline review. ..............21

C.  Petitioners' Arguments for Alternative Bases for Review and Relief in This Court Are Unfounded. .........................................22

Conclusion ..............................................................................24

Statement Regarding Related Cases ......................................25

Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type-Style Requirements .............................26

Attachments per Fed. R. App. P. 5(b)(1)(E) .........................27

**Cases** Page(s)

*ATAC Corp. v. Arthur Treacher's Inc.*,
280 F.3d 1091 (6th Cir. 2002).................................................................23

*In re Boon Global Ltd.*,
923 F.3d 643 (9th Cir. 2019)..................................................................23

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015).........................................................14, 19

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981)....................................................11, 12, 13

*In re City of Memphis*,
293 F.3d 345 (6th Cir. 2002)..................................................................17

*Coal. of Clergy, Lawyers, & Professors v. Bush*,
310 F.3d 1153 (9th Cir. 2002).................................................................14

*ConArt, Inc. v. Hellmuth, Obata + Kassabaum, Inc.*,
504 F.3d 1208 (11th Cir. 2007)...............................................................23

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978)........................................................................12, 21

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010)...........................................................11, 13

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
511 U.S. 863 (1994)...............................................................................12

*Galilea, LLC v. AGCS Marine Ins. Co.*,
879 F.3d 1052 (9th Cir. 2018).................................................................19

*Gonzalez v. Coverall N. Am., Inc.*,
  754 F. App'x 594 (9th Cir. 2019) ....................................22

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ........................................11

*Johnson v. Consumerinfo.com, Inc.*,
  745 F.3d 1019 (9th Cir. 2014) ...................................22, 23

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ........................................17

*McFarlin v. Conseco Services, LLC*,
  381 F.3d 1251 (11th Cir. 2004) ..................................17, 18

*United States ex rel. Michaels v. Agape Senior Cmty., Inc.*,
  848 F.3d 330 (4th Cir. 2017) .........................................17

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)....................................................22

*Navajo Nation v. Confederated Tribes & Bands*
  *of the Yakima Indian Nation*,
  331 F.3d 1041 (9th Cir. 2003) ........................................17

*Nguyen v. City of Cleveland*,
  312 F.3d 243 (6th Cir. 2002) .........................................15

*Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*,
  946 F.3d 803 (5th Cir. 2020) .........................................23

*Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency*,
  943 F.3d 397 (9th Cir. 2019) .........................................14

*Taylor v. County of Pima*,
  913 F.3d 930 (9th Cir. 2019)......................................15, 21

*United States v. Velasco*,
  210 F.3d 387, 2000 WL 14409 (9th Cir. 2000) .........................24

*United States v. W.R. Grace,*
526 F.3d 499 (9th Cir. 2008) ............................................................16

*United States v. Williamson,*
439 F.3d 1125 (9th Cir. 2006) ..........................................................24

## Statutes

9 U.S.C. § 16(b) .........................................................................10, 20, 22

28 U.S.C. § 1292 ................................................................................*passim*

California Labor Code § 925 ...................................................15, 16, 17

## Other Authorities

Fed. R. App. P. 5(b)(1)(E) ..................................................................8

Fed. R. App. P. 8 ................................................................................24

Fed. R. App. P. 21 .............................................................................23

Fed. R. App. P. 26.1 ............................................................................2

Wright & Miller, Federal Practice & Procedure
§ 3929 (3d ed.) .................................................................................12

The Smiths' Second Amended Petition for Permissive Appeal is their latest ploy to derail a AAA arbitration that is now only weeks away from final hearing—an arbitration that has been on file for a year and a half and has been actively underway ever since the trial court below lifted its stay of arbitration proceedings last June, an arbitration in which the Smiths have been fully participating. The Court should summarily deny the Petition. The trial court's certification of the order in question for interlocutory appeal under 28 U.S.C. § 1292(b) is defective, effectively serving up to this Court a request for an advisory opinion that this Court has no jurisdiction to render. And in any event, the Smiths' Petition does not satisfy the criteria for a permissive interlocutory appeal under § 1292(b).[1]

## BACKGROUND

Nerium is a network marketing company that sells anti-aging and wellness products in the United States and several other countries through a sales force of independent distributors known as "Brand Partners." Mark and Tammy Smith, through their company, Mark & Tammy Smith, LLC, held Nerium's top Brand

---

[1] References to the Smiths' "Petition" are to their Second Amended Petition filed February 28, 2020. That Second Amended Petition is a shortened version of their First Amended Petition with no additions. Respondents have chosen to submit this Answer, rather than stand on their original submission, (i) to streamline their Answer for this Court by deleting passages from their original Answer (Ninth Cir. Doc. 7) that were directed to issues that were resolved by this Court's Order of February 27, 2020 (Ninth Cir. Doc. 8), (ii) to update the current status of the arbitration (which is actively ongoing and continues to progress), and (iii) to add recent authorities that were issued or came to light after the original filing.

Partner position. Broadly speaking, the lawsuits and arbitration that form the backdrop for the Smiths' Petition for Permissive Appeal grow out of disputes between Nerium and the Smiths regarding that business relationship and involve claims asserted by both sides.

## A.    Court Proceedings

The Smiths filed suit against Nerium in California in February of 2018. *See* Minute Order Regarding Motion for Preliminary Injunction (Doc. 123) at 2 ("Reconsideration Order").[2] But Nerium and the Smiths (like all Brand Partners) had agreed that any such disputes would be arbitrated with the AAA in Dallas, Texas. So when, soon thereafter, Nerium became aware that the Smiths were violating their agreement with it, Nerium prepared to pursue those matters in arbitration. First, as also provided for in their agreement, Nerium filed an action against the Smiths and others in Texas state court, seeking a temporary injunction against them in aid of a coming AAA arbitration. *See id.* On July 26, 2018, Nerium submitted its arbitration demand to the AAA in Texas, in accordance with the parties' agreement. *See id.* The Smiths (and others) refused to abate the litigation in favor of arbitration and argued Nerium must file a motion to compel arbitration. On August 30, 2018, therefore, Nerium filed its motion in the Texas court, asking

---

[2] Copies of the trial court's Order regarding Motion to Certify Order for Interlocutory Appeal (Doc. 132), Reconsideration Order (Doc. 123), and Order Regarding Motion for Preliminary Injunction (Doc. 110) are attached as Attachments 1, 2, and 3, respectively. *See* Fed. R. App. P. 5(b)(1)(E).

it to stay the lawsuit there and to compel arbitration of the parties' disputes. *Id*. at 3. Following an evidentiary hearing with live witnesses, the Texas court granted Nerium's motion to compel arbitration on November 16, 2018. *Id*.; *see* Order Regarding Motion for Preliminary Injunction (Doc. 110) ("PI Order") at 2-3, 7-8. The Smiths did not pursue review of that ruling by any appellate court.

Petitioners, however, continued to dispute the issue of arbitrability in California, and the parties extended the initial scheduling conference in the arbitration for several months to try to allow time to determine whether the Smiths' claims in California would be joined in the arbitration. On April 30, 2019, the Smiths filed a motion for a temporary restraining order and preliminary injunction in the district court below, seeking to halt the arbitration (which was then ongoing) until that court could address arbitrability. *Id*. at 5. The district court issued a TRO staying the arbitration until it could decide the preliminary injunction request. *See* PI Order at 1.

On June 20, 2019, however, the district court denied the Smiths' request for a preliminary injunction to stay the arbitration. The district court based its decision primarily on its determination that the Smiths were collaterally estopped from disputing the gateway issue that they had agreed to arbitrate in Texas. PI Order at 6-13. The Smiths did not try to appeal the denial of their request for preliminary injunction (or the collateral estoppel ruling) under 28 U.S.C. § 1292(a) or to seek

permission to pursue an interlocutory appeal of that decision under § 1292(b). *See* 9 U.S.C. § 16(b). Instead, they filed a motion asking the trial court to reconsider its June 20 PI Order refusing to enjoin the arbitration. *See* Reconsideration Order at 1. Defendants countered with a motion asking the district court to stay or dismiss proceedings there pending the outcome of the arbitration. *Id*.

On September 10, 2019, the trial court denied the Smiths' motion for reconsideration of its June 20 PI Order and granted Defendants' request to stay proceedings pending the arbitration. *Id*. A month later, the Smiths asked the trial court to certify its Reconsideration Order—but not its June PI Order—for interlocutory appeal under 28 U.S.C. § 1292(b), based on three issues. *See* Order Regarding Motion to Certify Order for Interlocutory Appeal (Doc. 132) at 2-3 ("Certification Order"). On December 9, 2019, the trial court rejected most of the grounds argued by the Smiths for a permissive appeal, but did certify an appeal based on one of the three questions raised by the Smiths. *Id*. at 4-7.

## B.    The Arbitration

Meanwhile, after the trial court lifted its temporary stay, the arbitration resumed and actively moved forward again. And the Smiths fully participated. They filed an answer on July 3, 2019 that included affirmative counterclaims (including all the claims they asserted in the court below), served and responded to written discovery requests, and litigated several discovery disputes and other

motions along the way. Tammy Smith sat for deposition on December 6, 2019, and Mark Smith gave his deposition a week later. Nine other depositions have taken place, in which the Smiths participated. Both sides served expert designations on December 20, 2019—the same day the Smiths filed their original and first amended § 1292(b) Petitions with this Court. And the Smiths scheduled depositions from individuals associated with Nerium starting next week. The final evidentiary hearing in the arbitration is set to begin June 8, 2020.

## STANDARD OF REVIEW

Section 1292(b) "is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1981). Because § 1292(b) departs from the normal rule that only final judgments are appealable, it is construed narrowly. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

When presented with a petition for a § 1292(b) interlocutory appeal, this Court undertakes a two-step analysis. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. *First*, the Court determines whether the district court properly found the certification requirements of § 1292(b) have been met. *Id.* The requirements of § 1292(b) are jurisdictional. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party seeking the interlocutory appeal has the burden of demonstrating that these requirements have been met. *Id. Second*, if the Court concludes the

statutory requirements have been met, the Court "may, but need not, exercise jurisdiction." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The Court's "discretion to decline to hear an appeal is broad." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 n. 9 (1994). "The appellate court may deny the appeal for any reason." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed.) ("The discretion of the court of appeals is so broad that it is difficult to imagine any controlling limit.").

## ARGUMENT

The Court should decline to grant the Smiths' Second Amended Petition for Permissive Appeal because they have failed to meet the requirements of § 1292(b), or just in the Court's discretion. But before the Court examines the substance of Petitioners' request, there are jurisdictional defects that should bar review at the threshold.

**A.    Defects in the Trial Court's Certification Order Deprive this Court of Jurisdiction.[3]**

As noted above, the certification requirements of § 1292(b) are

jurisdictional. *Couch*, 611 F.3d at 633. And the court of appeals at the outset "must

determine whether the district court has properly found that the certification

requirements of the statute have been met." *Id.* (citing *In re Cement Antitrust Litig.*,

673 F.3d at 1026).

Petitioners here sought certification of the Reconsideration Order on the

basis of three issues. Certification Order at 2-3. The district court declined to

certify the order on two, expressly finding them unsuitable for interlocutory appeal.

*Id.* at 4-5. The court certified the order for appeal only as to Petitioners' third

proposed issue:

> Whether a bare reference to the AAA rules in ***unsophisticated parties***'
> employment contract constitutes "clear and unmistakable" evidence of
> the parties' intent to delegate arbitrability disputes to said out-of-state
> arbitrator.

*Id.* at 3, 5-7 (emphasis added). The district court rightly acknowledged, however,

that "the Ninth Circuit has held that the incorporation of the AAA rules into a

contract 'clearly and unmistakably' demonstrates an intent to delegate arbitrability

---

[3] The Court's Order of February 27 (Ninth Cir. Doc. 8) stated that the Court "has jurisdiction over the petition." That statement, however, addressed only Respondents' argument that the Petition had been filed after the 10-day deadline imposed by § 1292(b). The Court did not address the defects in the trial court's Certification Order.

if the parties are ***sophisticated***, [although] it has not answered the question of whether this principle applies to ***unsophisticated*** parties." *Id*. at 6 (citing *Brennan v. Opus Bank*, 796 F.3d 1125, 1131 (9th Cir. 2015) (emphasis added)). Because it appears district courts within the Circuit are split on that issue where ***unsophisticated*** parties are involved, the court found "substantial ground for difference of opinion" that justified certification under § 1292(b). *Id*.

The problem with the district court's conclusion and resulting certification on that score is that the court had previously found as a matter of fact (and then reiterated) "that the Smiths 'qualify as ***sophisticated*** parties capable of understanding the implications of incorporating the AAA rules in the arbitration provision.'" *Id*. at 5 (quoting Reconsideration Order at 9; emphasis added). The Smiths therefore lack standing to argue the rights of *un*sophisticated parties on this issue. *See Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) ("a litigant may assert only his own legal rights and interests"). The district court's certification of this question, therefore, effectively asks this Court to render an advisory opinion on the issue, something it would lack jurisdiction to do. *See Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency*, 943 F.3d 397, 410 (9th Cir. 2019). Where a district court purports to certify an order for appeal that would have the circuit court render an advisory opinion—particularly where that status rests on a fact issue in the district court—that certification is defective,

providing no basis for appellate jurisdiction under §1292(b), and the proposed appeal must be dismissed. *See Nguyen v. City of Cleveland*, 312 F.3d 243, 246 (6th Cir. 2002).

**B.     The Court Should Reject or Decline Interlocutory Review under § 1292(b).**

As explained in Part A, above, the trial court's Certification Order is defective. Because its jurisdictional prerequisites fail, the proposed appeal does not "meet[] the legal requirements of § 1292(b)." *Taylor v. County of Pima*, 913 F.3d 930, 933 (9th Cir. 2019). The Court need look no further.

But if the Court elects to go beyond that, it should find the Smiths' Petition does not satisfy the criteria for a permissive appeal under § 1292(b). Or, in the alternative, moving to the second step of the Court's two-step analysis—"whether, in the exercise of the discretion granted [it] by the statute, [it] want[s] to accept jurisdiction," *id.*—there are ample reasons for the Court simply to decline review.

**1.     No controlling question of law**

In the district court, the Smiths contended the order in question involved three questions of purportedly controlling law that justified interlocutory review— (1) whether the court may effectively require California "employees" to arbitrate in Texas despite California Labor Code § 925, (2) whether Petitioners are collaterally estopped from contesting their agreement to arbitrate by the decision of the Texas state court, and (3) whether the reference to the AAA rules in an arbitration

agreement involving "unsophisticated parties" constitutes "clear and unmistakable" evidence of intent to delegate arbitrability questions to the arbitrator. Certification Order at 2-3. In evaluating whether any of these constitutes a "controlling question of law" under § 1292(b), two threshold considerations stand out.

*First*, the district court expressly held that questions 1 and 2 were not "controlling questions of law" under the statute. *Id*. at 4-5. This Court need not, and should not, second-guess the trial court's express refusal to certify based on those two questions. *See United States v. W.R. Grace*, 526 F.3d 499, 522 (9th Cir. 2008) (en banc) (Hawkins, J., concurring) (a "district judge's decision to deny certification escapes our scrutiny").

*Second*, Petitioners sought certification only as to the district court's Reconsideration Order, ***not*** its earlier PI Order (i) in which it held that the Smiths were collaterally estopped from denying their agreement to arbitrate and (ii) where they "did not carry their burden of proving [the] applicability" of California Labor Code § 925. *See* Certification Order at 1-2; Reconsideration Order at 7; PI Order at 6-12. The Smiths' focus on the Reconsideration Order—rather than the PI Order and its finding of collateral estoppel—is fatal to their Petition in a number of ways.

In the Reconsideration Order, the trial court issued two rulings: (1) it denied Petitioners' request for reconsideration of the PI Order, and (2) it stayed proceedings in that court pending the arbitration. Reconsideration Order at 12.

Both those decisions are entrusted to the sound discretion of the district court. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (stay); *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (reconsideration). And the standard for reconsideration in the Central District of California is extremely difficult to meet. *See* Reconsideration Order at 5-6 (quoting C.D. Cal. L.R. 7-18). "A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002); *accord, e.g.*, *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) ("[T]here is 'a distinction between a question of law, which will satisfy § 1292(b), and a … matter for the discretion of the trial court,'" which does not. (quoting *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004)).

Further, the questions on which Petitioners focus are highly fact-dependent, and for that reason, as well, they are not properly certifiable as "controlling questions of law." *See* Certification Order at 3-5. For example, whether California Labor Code § 925 even applies depends on whether the Smiths have shown they are "employees" rather than independent contractors and other "factual preconditions." *Id*. at 2-4. But the trial court ruled that the Smiths "did not carry their burden of proving the applicability" of § 925. Reconsideration Order at 7.

17

Their second issue, dealing with collateral estoppel, implicates the trial court's finding (first in the PI Order, which the Smiths did not seek to appeal, and then again in the Reconsideration Order) "*as a matter of **fact***, that the Smiths had a full and fair opportunity in Texas state court to litigate the formation of the arbitration agreement." Certification Order at 4 (emphasis added). Their third proposed question, regarding delegation of the question of arbitrability, hinges on whether they are "unsophisticated." But the trial court expressly found as a matter of fact they were ***not*** unsophisticated, but instead "***qualify as sophisticated***." *See id*. at 5 (emphasis added).

Sorting out questions of fact like these is not the job of this Court on an interlocutory appeal. Section "1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin*, 381 F.3d at 1259; *see also id*. at 1258 ("what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record'" (citations omitted)).

The district court, therefore, correctly held that the first two issues raised by the Smiths are not "controlling questions of law" under § 1292(b). Certification

Order at 4-5. And, as explained above, the third question fails to meet the standard for certification, as well.

### 2. No "substantial ground for difference of opinion"

Petitioners also cannot carry their burden to show controlling questions of law "as to which there is substantial ground for difference of opinion." Because the trial court properly found the Smiths' first two issues not to be controlling questions of law and declined to certify on that basis, this second issue is moot as to those questions. As to the third, whether reference to the AAA rules shows "clear and unmistakable" intent to delegate decisions of arbitrability to the arbitrator, there is no "ground for difference of opinion" under the facts found by the trial court. As noted, that court found the Smiths "qualify as sophisticated parties capable of understanding the implications of incorporating the AAA rules in the arbitration provision." Certification Order at 5 (quoting Reconsideration Order at 9). The law in this Circuit is settled that "at least in a contract between sophisticated parties, the 'incorporation of the AAA rules [into an arbitration agreement] constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability.'" *Galilea, LLC v. AGCS Marine Ins. Co*., 879 F.3d 1052, 1061 (9th Cir. 2018) (quoting *Brennan*, 796 F.3d at 1130).

### 3. Interlocutory appeal will not materially advance the ultimate termination of the litigation.

Taking up the Smiths' proposed appeal of the Reconsideration Order now will not advance the ultimate termination of the litigation as a whole. The arbitration they seek to avoid is set to begin its final hearing in less than three months. If the Court were to accept the appeal in this case, briefing might not even be complete by that time, and disposition of the appeal unavoidably would occur much later. Petitioners argue that authorizing the interlocutory appeal may forestall "unnecessary expense and time arbitrating a case in a forum lacking the authority to hear it." Petition at 3. That is simply not true here. And, along with the Smiths' various other arguments about the prejudice of having to wait to appeal until after the arbitration concludes, that argument could be made with respect to every order compelling arbitration, and yet few such orders are accepted for interlocutory appeal. *See* 9 U.S.C. § 16(b). Further, the argument might be more persuasive if the Smiths had not waited so long to seek an appeal, had appealed the PI Order instead of the Reconsideration Order, and had not filed a defective initial petition in this Court—and if the arbitration were not already well underway, with the finish in sight. Since the time the district court denied their request for an injunction against the arbitration—a decision they did not seek leave to appeal— the Smiths have been actively participating in the arbitration, filing affirmative claims, taking and providing discovery, litigating motions, participating in and

20

noticing depositions, and designating experts. Allowing that process to move to its natural conclusion is the surest and quickest path to resolving the litigation.[4]

### 4.    The Court should exercise its discretion to decline review.

Even if the Smiths had sustained their burden to show that all the § 1292(b) criteria were technically satisfied, this Court nevertheless could and should exercise its discretion to decline review. The Court has the authority to reject a § 1292(b) appeal for any reason at all, even for things like the congestion of its own docket that are unrelated to the particular appeal in question. *Coopers & Lybrand*, 437 U.S. at 475; *Taylor*, 913 F.3d at 933.

Here, Petitioners ask the Court to review fact-bound, discretionary rulings of the district court—two of which the district court itself found unsuitable for interlocutory appeal, and the third of which would have this Court render an unconstitutional advisory opinion. Despite losing their request for an injunction to stop the arbitration, the Smiths waited to seek leave to bring their complaints to this Court, choosing instead to participate for months in that very arbitration

---

[4] The Smiths' decision to attack the Reconsideration Order, rather than the original PI Order, also undermines their Petition on this factor. If the Court were to accept the appeal, that would not end the arbitration, even if it were to reverse the Reconsideration Order. Instead, the matter would be returned to the district court for it to further "reconsider" its prior decision—including all the various alternative arguments it did not reach because it found the Smiths collaterally estopped to challenge their agreement to arbitrate. *See, e.g.*, PI Order at 12 (declining to reach Anti-Injunction Act argument). Returning the matter for further "reconsideration" by the district court would delay rather than hasten the "ultimate termination of the litigation" as a whole.

proceeding. Under the circumstances, the better course is for the Court to allow the arbitration and any post-hearing challenges to run their course.

## C. Petitioners' Arguments for Alternative Bases for Review and Relief in This Court Are Unfounded.

Finally, the Smiths contend the Reconsideration Order "remains appealable even without jurisdiction based on § 1292(b)." Petition at 19-20. They argue that the district court's order staying the case there pending the outcome of the arbitration "effectively send[s] [them] 'out of court,'" resulting in a final appealable judgment. *Id*. at 19 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 2 (1983)).

But this Court has rejected such attempts to manufacture appellate jurisdiction in arbitration cases without § 1292(b) certification and permission. *See Gonzalez v. Coverall N. Am., Inc*., 754 F. App'x 594, 595-96 (9th Cir. 2019). "It is well-established that § 16(b) of the Federal Arbitration Act ('FAA') bars appeals of interlocutory orders compelling arbitration and staying judicial proceedings," other than via § 1292(b). *Id*. "Congress intended 28 U.S.C. § 1292(b) to provide the *sole avenue* to immediate appeal of an order staying judicial proceedings and compelling arbitration." *Johnson v. Consumerinfo.com, Inc*., 745 F.3d 1019, 1022, 1023 (9th Cir. 2014) (also rejecting mandamus review; emphasis added). Just a few weeks ago, the Fifth Circuit echoed this conclusion, rejecting an attempt to

manufacture interlocutory appellate jurisdiction outside of § 1292(b) and relying in

part on this Court's decision in *Consumerinfo.com* to do so:

> Plainly, "[s]ection 16 provides a specific framework for determining whether and when an appeal is proper, and we will not interfere with the statutory design." ... ***Every other circuit has reached the same outcome on this issue***. *See Johnson v. Consumerinfo.com, Inc*., 745 F.3d 1019, 1022 (9th Cir. 2014); *ConArt, Inc. v. Hellmuth, Obata + Kassabaum, Inc*., 504 F.3d 1208, 1211 (11th Cir. 2007); *ATAC Corp.* [*v. Arthur Treacher's Inc*.], 280 F.3d [1091,] 1101-02 [(6th Cir. 2002)].

*Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C*., 946 F.3d 803, 808 (5th

Cir. 2020) (citation omitted; emphasis added). Therefore, there exists no alternative

basis for jurisdiction over the Smiths' proposed appeal.

Similarly, the Smiths' alternative plea for a writ of mandamus provides no

basis for review.[5] The Petition does not brief mandamus at all. It does not reference

the Federal or Circuit rules governing mandamus (Fed. R. App. P. 21 and Circuit

Rules 21-1 through 21-4), much less show an attempt to comply with them (e.g.,

payment of the prescribed docket fee or service on the trial court, as required by

Fed. R. App. P. 21(a)(1) & (3)). Not once does it discuss the case law or standards

governing mandamus, s*ee, e.g.*, *In re Boon Global Ltd*., 923 F.3d 643, 649 (9th

---

[5] Circuit Rule 21-4 directs that "No answer to such a petition [for mandamus] may be filed unless ordered by the Court." Respondents therefore reserve and will defer all argument with respect to the substance of the Smiths' purported mandamus application unless and until the Court requests a response.

Cir. 2019), or, again, attempt to show that they have been met. The word "mandamus" itself appears only once in the Petition's text, on page 8.

Where a party inadequately briefs a request for relief (or, as here, does not brief it at all), the request is deemed to have been waived, and the Court may disregard it. *See, e.g.*, *United States v. Williamson*, 439 F.3d 1125, 1137-38 (9th Cir. 2006); *United States v. Velasco,* 210 F.3d 387, 2000 WL 14409, at *1 n.3 (9th Cir. 2000) (table). The Court should do so here.[6]

## CONCLUSION

Defendants–Respondents Nerium International and Jeff Olson respectfully pray that the Court strike or deny Mark and Tammy Smith's Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), as well as the Smiths' alternative application for a writ of mandamus and all other relief they seek.

---

[6] The same is true of the Smiths' off-hand request that "this Court immediately enjoin the Texas arbitration proceedings pending this appeal." Petition at 8. That request appears only once in the Petition, and again is not briefed and makes no reference either to the governing standards or to Fed. R. App. P. 8.

Respectfully submitted,

/s/  Monica Latin

Monica Latin
  Texas State Bar No. 00787881
  mlatin@ccsb.com
Ken Carroll
  Texas State Bar No. 03888500
  kcarroll@ccsb.com
CARRINGTON COLEMAN
  SLOMAN & BLUMENTHAL, LLP
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: 214-855-3000

Mike Margolis
  California Bar No. 87785
  mmargolis@blankrome.com
Harrison Maxwell Brown
  California Bar No. 291503
  hbrown@blankrome.com
BLANK ROME LLP
2029 Century Park East
6th Floor
Los Angeles, California 90067
424-239-3400

*Attorneys for Defendants–Respondents*
*Nerium International, LLC and Jeff Olson*

## STATEMENT REGARDING RELATED CASES

Pursuant to Circuit Rule 28-2.6, the undersigned certifies that Defendants–

Respondents are unaware of any related cases pending before this Court.

/s/  Ken Carroll

*Attorney for Defendants–Respondents*
*Nerium International, LLC and Jeff Olson*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1.      This Answer complies with the page and type-volume limitations of Fed. R. App. P. 5(c)(1) and Ninth Cir. Rule 5-2(b), because it contains 4,393 words and is fewer than 20 pages, excluding the parts of the Answer exempted by Fed. R. App. P. 32(f) and Circuit Rule 5-2(b).

2.      This Answer complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word 2016 in a proportionally spaced typeface using 14-Times New Roman font in text and in footnotes.

3.      This motion was filed electronically, in native Portable Document File (PDF), by the Ninth Circuit's CM/ECF system.

/s/  Ken Carroll
*Attorney for Defendants–Respondents*
*Nerium International, LLC and Jeff Olson*

Dated: March 13, 2020

CASE NO. 19-80177

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARK SMITH and TAMMY SMITH,                    *Plaintiffs–Petitioners*

v.

NERIUM INTERNATIONAL, LLC,
and JEFF OLSON,                               *Defendants–Respondents*

### ATTACHMENTS PER FED. R. APP. P. 5(b)(1)(E)

1.  Order regarding Motion to Certify Order for Interlocutory Appeal (Doc. 132) ("Certification Order")

2.  Minute Order Regarding Motion for Preliminary Injunction (Doc. 123) ("Reconsideration Order")

3.  Order Regarding Motion for Preliminary Injunction (Doc. 110) ("PI Order")

# ATTACHMENT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1088 JVS (PLAx) | Date | December 9, 2019 |

| | |
|---|---|
| Title | **Mark Smith, et al v. Nerium International, LLC, et al** |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl/Rolls Royce Paschal | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Certify Order for Interlocutory Appeal**

Plaintiffs Mark Smith ("Mark") and Tammy Smith ("Tammy") (together—the "Smiths") moved for an order certifying the Court's September 10, 2019 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Mot., Dkt. No. 125.[1] Defendants Nerium International, LLC ("Nerium") and Jeff Olson ("Olson") (together—"Defendants") opposed the motion. Opp'n, Dkt. No. 127. The Smiths replied. Reply, Dkt. No. 128.

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to certify the Order for interlocutory appeal.

## I. BACKGROUND

The Court detailed the procedural and factual background of this case in its September 10, 2019 order granting the Smiths leave to file a Third Amended Complaint, denying the Smiths' motion for reconsideration of the Court's June 20, 2019 Order denying their motion for a preliminary injunction to enjoin arbitration proceedings in Texas, and staying the case pending the outcome in arbitration. See generally Orders, Docket Nos. 110, 123.

Now, the Smiths seek an order certifying for appeal the Court's denial of their

---

[1] The Smiths filed a notice of errata in which they explained that they filed an earlier motion scheduling the hearing prematurely. See Dkt. Nos. 124, 126. They subsequently filed the same motion with a revised hearing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088 JVS (PLAx) | Date | December 9, 2019 |

| Title | **Mark Smith, et al v. Nerium International, LLC, et al** |

motion for reconsideration and order staying the case. See Mot., Dkt. No. 125.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), the party seeking certification must establish that: (1) there is a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Only if all three factors are met may the Court certify an order for appeal. Id.; see also Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Thus, the party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" Fukuda v. Cnty. of L.A., 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

## III. DISCUSSION

The Smiths ask the Court to certify three issues for interlocutory appeal:

1) "Whether a district court may properly order, or effectively order by directing California employees to arbitrate their California-related employment claims in Texas when the employees deemed void any Texas venue and choice of law provisions of their purported employment contract under California Labor Code Section 925."[2] See Mot. at 1.

---

[2] Cal. Lab. Code § 925 provides, in relevant part:

(a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:

(1) Require the employee to adjudicate outside of California a claim arising in California.

(2) Deprive the employee of the substantive protection of California law with respect to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-1088 JVS (PLAx)                     Date   December 9, 2019

Title      **Mark Smith, et al v. Nerium International, LLC, et al**

2) "Whether a district court may properly apply collateral estoppel to find the
existence of an agreement to arbitrate in an employment contract based on a
summary court proceeding (without a jury) in Texas where the California
employees were denied the ability to fully and fairly litigate their claims in Texas
and the employees had first brought an action in California seeking adjudication
regarding the very same provision." Id.

3) "Whether a bare reference to the AAA rules in unsophisticated parties'
employment contract constitutes 'clear and unmistakable' evidence of the parties'
intent to delegate arbitrability disputes to said out-of-state arbitrator." Id.

## A.   Controlling Question of Law

A controlling question of law exists where "resolution of the issue on appeal could
materially affect the outcome of litigation in the district court." In re Cement Antitrust
Litig., 673 F.2d at 1026. In the context of section 1292(b), a "'question of law' means a
'pure question of law,' not a mixed question of law and fact or an application of law to a
particular set of facts." Barrer v. Chase Bank, USA, N.A., 2011 WL 1979718, at *4 (D.
Or. May 18, 2011). So long as a pure legal question is identified, however, an order can
be certified for appeal to resolve all questions "material to the order." Steering Comm. v.
U.S., 6 F.3d 572, 576 (9th Cir. 1993) (finding it proper to certify a mixed question of law
and fact material to the order when it is coupled with a pure legal question).

Defendants argue that the three issues the Smiths present are not pure questions of
law that are eligible for certification, but instead rulings committed to the Court's
discretion that do not qualify as controlling questions of law, as they were made in the
context of motions for reconsideration and to stay the case. See Opp'n at 6-12; Adab v.

controversy arising in California.
(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a
provision is rendered void at the request of the employee, the matter shall be adjudicated in California
and California law shall govern the dispute. . . .
(d) For purposes of this section, adjudication includes litigation and arbitration.
(e) This section shall not apply to a contract with an employee who is in fact individually represented by
legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a
controversy arising from the employment contract may be adjudicated or the choice of law to be applied.
(f) This section shall apply to a contract entered into, modified, or extended on or after January 1, 2017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1088 JVS (PLAx)                    Date   December 9, 2019

Title     **Mark Smith, et al v. Nerium International, LLC, et al**

U.S. Citizenship & Immigration Servs., 2015 WL 1467180, at *6 (C.D. Cal. Mar. 23, 2015) (explaining that "courts generally hold that '[s]ection 1292(b) appeal will not lie when the question is whether the district court properly exercised its discretion in applying the statute, because this issue is not a 'controlling question of law.'").

### 1.    First Issue

Defendants contend that the Smiths' first issue presumes they were employees and that the factual preconditions to application of Section 925 had been met. Opp'n at 7-9. In reaching this issue, the Court had to resolve various fact disputes, ultimately holding that the Smiths had failed to carry their burden of showing that Section 925 applied. See Order, Dkt. No. 123 at 7. Defendants thus argue that this Court's ruling turned on issues of fact, or mixed fact and law. Opp'n at 8. Further, Defendants argue that the Smiths are collaterally estopped from claiming that Section 925 applies, given that they did not challenge the Court's order regarding the preliminary injunction. Id.

The Smiths' response is that they do not seek to resolve factual disputes, but instead review of fact-dependent law, as "[t]he line between fact and law can prove equally evanescent . . . and there are cases in which the law element is sufficiently important to justify appeal even as to matters that are highly fact dependent." Wright & Miller, 16 Fed. Prac. & Proc. § 3930; Reply at 10. Indeed, a court may properly certify mixed questions of law and fact material to the order. Steering Committee v. U.S., 6 F.3d 572, 576 (9th Cir. 1993). "So long as a pure legal question is identified, however, an order can be certified for appeal to resolve all questions 'material to the order.'" TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson, 2014 WL 12588293 at *3 (C.D. Cal. Sept. 30, 2014).

The Court agrees with Defendants that the first issue is not a controlling question of "pure" law, and therefore, that the issue is not appropriate for interlocutory appeal.

### 2.    Second Issue

Defendants argue that the Smiths' second issue also implicates the factual question of whether they were employees. Opp'n at 10. Further, Defendants note that this Court found, as a matter of fact, that the Smiths had a full and fair opportunity in Texas state court to litigate the formation of the arbitration agreement. Id.; see Order, Dkt. No. 110

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088 JVS (PLAx) | Date | December 9, 2019 |
|---|---|---|---|

| Title | **Mark Smith, et al v. Nerium International, LLC, et al** |
|---|---|

at 8.

The Court agrees that the second issue is not a controlling question of "pure" law.

### 3. Third Issue

The gravamen of the third issue relates to whether the incorporation of the AAA rules in the parties' agreement constitutes "clear and unmistabl[e]" intent to delegate arbitrability.

The Smiths' challenge is to this portion of the Court's Reconsideration Order:

> The "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015). The Court is persuaded by the reasoning in Gountoumas v. Giaran, Inc., No. CV 18-7720-JFW (PJWX), 2018 WL 6930761 (C.D. Cal. Nov. 21, 2018), in which that court joined the majority of courts finding that although the facts in Brennan were limited to sophisticated parties, it applies similarly to non-sophisticated parties. Id. at *5.

Order, Dkt. 123 at 9. The Court reasoned in its order that the Smiths "qualify as sophisticated parties capable of understanding the implications of incorporating the AAA rules in the arbitration provision." See id. Therefore, Defendants argue that there is no controlling question of law, because the Court's application of Brennan to the Smiths is a fact question inappropriate for certification. Opp'n at 12.

The Smiths' response is that the question they "seek to certify is not whether [they] themselves are sophisticated, but whether, *as a matter of law*, sophistication matters at all." Reply at 13 (emphasis in original).

The Court agrees with the Smiths that the third issue qualifies as a controlling question of law appropriate for interlocutory review.

### B. Substantial Ground for Difference of Opinion

There are "substantial grounds for differences of opinion" when "reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088 JVS (PLAx) | Date | December 9, 2019 |
|---|---|---|---|

| Title | **Mark Smith, et al v. Nerium International, LLC, et al** |
|---|---|

judges might differ" on the correct outcome of an issue and such "uncertainty provides a credible basis for a difference of opinion." Reese v. BP Exploration, 643 F.3d 681, 687 (9th Cir. 2011) (citations omitted). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal quotations and citations omitted).

The Smiths note that various courts within the Ninth Circuit have "concluded that the contract of an unsophisticated party does not clearly and unmistakably delegate arbitrability merely by referencing the AAA rules." Reply at 17. Although the Ninth Circuit has held that the incorporation of the AAA rules into a contract "clearly and unmistakably" demonstrates an intent to delegate arbitrability if the parties are sophisticated, it has not answered the question of whether this principle applies to unsophisticated parties. See Brennan v. Opus Bank, 796 F.3d 1125, 1131 (9th Cir. 2015). The Smiths cite numerous district court decisions holding that a reference to arbitral rules is insufficient to delegate arbitrability in contracts involving unsophisticated parties. See Mot. at 15-16. Accordingly, the Court holds that the Smiths have demonstrated that is substantial ground for difference of opinion on this issue, as it presents a "novel and difficult" question.

## C.   An Immediate Appeal May Materially Advance the Litigation

The Court may certify an order for appeal only if the moving party shows an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litig., 673 F.2d at 1026.

The Smiths argue that, "[w]ithout immediate review, [they] will be subjected to considerable expenses in obtaining an arbitration award that ultimately may very well be unenforceable as wrongly ordered; at that point, the parties will have expended significant resources on a meaningless arbitration." Mot. at 18.

The Court agrees with the Smiths that appeal of the third issue may allow them to save the expense of arbitration in Texas, especially if the Ninth Circuit were to find that arbitration of the Smiths' case is improper. See, e.g., Kuehner v. Dickinson & Co, 84 F.3d 316, 319 (9th Cir. 1996) (confirming that interlocutory appeal can be proper when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088 JVS (PLAx) | Date | December 9, 2019 |
|---|---|---|---|

| Title | **Mark Smith, et al v. Nerium International, LLC, et al** |
|---|---|

denying appeal "could" result in "needless expense and delay of litigating an entire case in a forum that has no power to decide the matter"); see also Hoffman v. Citibank *South Dakota, N.A., 2007 WL 5659406, at *4 (C.D. Cal. Feb. 15, 2007) ("The Ninth Circuit has previously accepted interlocutory appeals from orders compelling arbitration while court proceedings are stayed, implying such appeals do have the potential to materially advance the litigation.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for certification. The Court certifies the holding of its Order to the Ninth Circuit Court of Appeals for interlocutory review pursuant to 28 U.S.C. § 1292(b), for the third issue identified in the Smiths' motion.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb/rrp | |

# ATTACHMENT 2

**JS-6/STAY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-01088JVS(PLAx)                    Date   September 10, 2019

Title      Mark Smith, et al. v. Nerium International, LLC, et al.

---

| Present: The Honorable | **James V. Selna, U.S District Court Judge** |
|---|---|

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    [IN CHAMBERS] Minute Order Regarding Motion for Preliminary
Injunction

The Court has a number of motions before it.

First, Plaintiffs Mark Smith ("Mark") and Tammy Smith ("Tammy") (together—
the "Smiths") filed a motion for reconsideration of the Court's Order denying their
motion for a preliminary injunction to enjoin arbitration proceedings in Texas. (Mot.,
Dkt. No. 110.) Defendants Nerium International, LLC ("Nerium")[1] and Jeff Olson
("Olson") (together— "Defendants") opposed the motion. (Opp'n, Dkt. No. 115.) The
Smiths replied. (Reply, Dkt. No. 116.)

Second, Defendants filed a renewed motion to dismiss or stay the Smiths' claims
pending the outcome of arbitration. (Mot., Dkt. No. 120.) The Smiths opposed the
motion and Defendants filed a Reply. (Opp'n, Dkt. No. 121; Reply, Dkt. No. 122.)

Third, the Smiths filed a motion for leave to file a Third Amended Complaint
("TAC"). (Mot., Dkt. No. 106.) Defendants opposed the motion and the Smiths replied.
(Opp'n, Dkt. No. 111; Reply, Dkt. No. 113.)

For the following reasons, the Court **grants** the Smiths leave to file the TAC,
**denies** the motion for reconsideration, and **stays** the case pending the outcome in
arbitration.

---

[1] Although Nerium's name has since changed, the Court continues to refer to it as Nerium to
avoid confusion.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |

| | |
|---|---|
| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |

## I. BACKGROUND

On February 23, 2018, the Smiths filed this suit against Nerium in California state court, alleging that Olson had demanded that they make fraudulent statements about Nerium's products, and that Olson had harassed and discriminated against Plaintiffs based on their religion and Tammy based on her gender. (Complaint, Dkt. No. 1-1.) On February 26, 2018, the Smiths filed a notice with the Department of Fair Employment & Housing ("DFEH"), seeking an immediate right to sue notice based on discrimination and harassment by Olson. (Id. ¶ 117.) Nerium removed the Smiths from their position as Chief Field Officers and Master Distributors, excluded Tammy from her weekly corporate telephone conferences, closed the Smiths' company credit cards, removed the Smiths' administrative privileges, and "auctioned off" their positions, among other things. (Id. ¶¶ 118, 119.) The Smiths filed amended notices with DFEH on March 15, 2018 to include additional claims against Nerium. (Id. ¶ 117; Exs. C, D.)

On March 20, 2018, Nerium filed suit against Mark and Mark & Tammy Smith, LLC, among others (the "Smith group") in Dallas, Texas state court ("the State court proceeding") seeking an injunction preventing the Smith group from soliciting Nerium's Brand Partners and employees. (Green Decl., Docket No. 52-1 ¶ 10.)

On June 18, 2018, Defendants removed this action to federal court on the basis of diversity jurisdiction. (Not., Dkt. No. 1.)

On July 26, 2018, Defendants submitted an arbitration demand with the AAA in Texas. (Demand, Dkt. No. 80-3 at 82–91.)

On August 6, 2018, the Smiths filed an ex parte application with this Court to enjoin the AAA arbitration in Texas. (App., Dkt. No. 15.) On August 8, 2018, the Court denied the application to enjoin the arbitration "without prejudice to removal after the Court has ruled on Nerium's anticipated motions challenging jurisdiction and seeking to transfer the case." (Order, Dkt. No. 23.) On August 13, 2018, Defendants filed four motions, including a motion to dismiss for lack of personal jurisdiction and failure to state a claim, a motion to transfer, and a motion to dismiss or stay pending arbitration.

**JS-6/STAY**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

(Mots., Dkt. Nos. 27–30.) On August 28, 2018, the hearings on Defendants' motions were continued for seven weeks. (Cont., Dkt. Nos. 36–37.)

On August 30, 2018, Nerium filed its motion to compel arbitration in the Texas State court proceeding. (Latin Decl., Dkt. No. 78-2, Ex. 1.) The Smith group filed a response and a motion to stay arbitration on September 28, 2018. (Id., Dkt. No. 78-4, Ex. 2.) The Smith group's response and motion to stay arbitration emphasized that the Texas State court "must determine threshold arbitrability issues, including whether the [Smiths] are bound by an arbitration agreement, Nerium's waiver of arbitration, and Nerium's prior material breach and fraud." (Id. at p. 2.) Nerium's reply brief stated, "Where, as here, the parties' arbitration agreement expressly incorporates the 'Commercial Arbitration Rules of the American Arbitration Association,' the only 'gateway' issue to be decided by the Court is whether an arbitration agreement exists between the parties—i.e., whether the basics of contract formation occurred." (Reply, Motion to Compel, Cause No. DC-1803726). The Texas State court thereafter conducted an evidentiary hearing, including live testimony by Mark, Megan Leckband ("Leckband"), and Kayla Wager ("Wager"). In their respective closing statement, counsel for both parties urged the court to decide whether there was an agreement to arbitrate. (Transcript, Dkt. No. 86-1, 137:8-139:7, 143:22-144:7, 146:3-6, 150:1-8.)

On November 16, 2018, the Texas state court granted Nerium's motion to compel arbitration and stay the State court proceeding pending arbitration. The Texas State court's decision states the following in its entirety:

> Before the Court is Plaintiff Nerium International, LLC's Motion to Compel Arbitration and to Stay pending arbitration, filed on August 30, 2018. Having considered the motion, the briefing, the evidence, the applicable law, and the arguments of counsel, the Court GRANTS Plaintiffs Motion to Compel Arbitration and to Stay.

> It is therefore ORDERED that (1) as provided by the parties' agreement, the claims and defenses asserted between and among the parties hereto are compelled to arbitration in Dallas, Texas, in accordance with the Commercial Arbitration Rules of the

**JS-6/STAY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |

| | |
|---|---|
| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |

> American Arbitration Association, and (2) all proceedings in this
> lawsuit are stayed pending that arbitration, until further order of
> this Court. Nothing in this Order alters or affects the Temporary
> Injunction issued May 21,2018.

(Order, Dkt. No. 78-5, Ex. 3) (emphasis added).

On December 13, 2018, Defendants re-noticed their four motions.  (Not., Dkt. Nos. 47–50.)  At the hearing on those motions, the Smiths' counsel represented to the Court:

> [I]n the tentative, the Court goes on to talk about giving weight to
> the Court's determination in Texas on a motion there.  It says:
> "Regardless of whether the Texas state court case is binding, the
> Court is persuaded by the Court's findings that a valid contract to
> arbitrate existed."  Well, the Court didn't deal with a valid
> contract to change venue or a forum selection clause.  That was
> with regard to the arbitration clauses.  In any event, that is an issue
> that is currently on appeal in Texas.  I believe oral argument is set
> for April of this year.

(Transcript, Dkt. No. 81, 7:9-18) (emphasis added).

On April 3, 2019, the Court found that there was personal jurisdiction as to Olson and Nerium with respect to claims 1-6, 9-15, and 17-23.  (Order, Dkt. No. 71 at 15.)  The Court denied the motion to transfer, finding that there were "factual disputes related to whether Leckband or Mark performed the Click-Through, and whether Mark and Tammy accepted the benefits of the Policies and Procedures through their compensation—at least in part—through those Policies and Procedures," and noting the Smiths' counsel's representation regarding a pending appeal regarding the Texas state court proceeding. (Id. at 20, n. 9, 21.)  The Court also requested that the parties file a Joint Report for their proposals on the contract formation issue.  (Id. at 29.)  The Court indicated that the outcome may require the court to "revisit the issues addressed in [its] order."  (Id.)

**JS-6/STAY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |
| --- | --- | --- | --- |

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
| --- | --- |

On April 15, 2019, the parties submitted their Joint Report. (Joint Report, Dkt. No. 72.) Counsel for the Smiths clarified the following with respect to the pending appeal referenced at the hearing:

> There is an appeal pending in the Texas matter on an earlier order granting a temporary injunction against Defendants, Mark and Tammy Smith. While the arbitration ruling is not being challenged on appeal, Mark and Tammy Smith continue to contend there is "no agreement" as a defense in the arbitration.

(Joint Report, Dkt. No. 72 at 2–3) (emphasis added).

On April 30, 2019, the Smiths filed a motion for a temporary restraining order immediately enjoining Defendants from pursuing their AAA arbitration claim, dated July 26, 2018, pending this Court's ruling on the issue of arbitration. (Mot., Dkt. No. 77.) On May 13, 2019, the Court invited the parties to discuss positions related to collateral estoppel at the June 3, hearing on the motion for temporary restraining order. (Order, Dkt. No. 79.)

On May 15, 2019, a Preliminary Hearing was held in the Texas Arbitration. (Brakefield Decl., Dkt. No. 84-3 ¶ 4.)

## II. LEGAL STANDARD

### A.   Motion for Reconsideration

The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest

**JS-6/STAY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |
|----------|------------------------|------|--------------------|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|-------|---------------------------------------------------------|

> showing of a failure to consider material facts presented to the
> Court before such decision. No motion for reconsideration shall
> in any manner repeat any oral or written argument made in
> support of or in opposition to the original motion.

L.R. 7-18.[2] The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). "Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

### III. DISCUSSION

#### A.  Motion for Leave to Amend

The Smiths seek leave to amend their complaint to include Mark and Tammy Smith, LLC ("MATS") as a plaintiff and to update their causes of action to reflect ones that the Court previously dismissed. (Mot., Dkt. No. 106 at 10.) The Court finds that the amendment will not cause Defendants undue prejudice, is not sought in bad faith, and is not an exercise in futility. See Fed. R. Civ. P. 15. Accordingly, the Court **grants** the motion for leave to amend.

#### B.  Motion for Reconsideration

#### 1.  Cal. Lab. Code § 925

The Smiths have not shown that any of the criteria for reconsideration have been met with respect to their arguments on the applicability of the California Labor Code, as the Smiths did not argue, as they do now in their motion for reconsideration, that Cal.

---

[2] See also School Dist. No. 1J, Multnomah Cnty. V. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

**JS-6/STAY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

Lab. Code § 925 relates to their likelihood of success on the merits.[3] (Mot., Dkt. No. 112 at 1.) Nor did they mention section 925 at the hearing on the case. See generally, Transcript, Dkt. No. 108-2.

To the extent that the Court's order denying the Smiths' motion for preliminary injunction could be framed as a "failure to consider material facts presented to the Court" regarding the applicability of section 925, the Court finds that the Smiths' arguments regarding the applicability of this provision of the California Labor Code are properly addressed by the arbitrator, not the Court. L.R. 7-18; see Ratajesak v. New Prime, Inc., No. SACV189396DOCAGRX, 2019 WL 1771659, at *6 (C.D. Cal. Mar. 20, 2019) ("Plaintiffs' arguments regarding the scope of the arbitration agreement; the application of California Labor Code Section 925; and the application California Labor Code Section 229 may well render the claims unarbitrable. But under the contract, the parties clearly and unmistakably delegated this question to the arbitrator."). And even assuming that the Court could have considered their arguments with respect to the likelihood of success, the Smiths did not meet their burden of proving its applicability for purposes of the preliminary injunction.

Although the Court discussed Cal. Lab. Code § 925 in a previous order denying Nerium's motion to transfer, the Court acknowledged it in that context only to say that the possibility that its policy implications could apply weighed against transfer when (1) Nerium had the burden of proving that transfer was appropriate, and (2) the Court relied

---

[3]Cal. Lab. Code § 925 provides, in relevant part:

(a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:

    (1) Require the employee to adjudicate outside of California a claim arising in California.

    (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute. . . .

(d) For purposes of this section, adjudication includes litigation and arbitration.

(e) This section shall not apply to a contract with an employee who is in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the employment contract may be adjudicated or the choice of law to be applied.

(f) This section shall apply to a contract entered into, modified, or extended on or after January 1, 2017.

JS-6/STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. | |

on representations by the Smiths' counsel during oral argument—the accuracy of which the parties later clarified for the Court. (Order, Dkt. No. 71 at 27–28.) That context is vastly different than the context in which this case was decided, in which the Smiths had the burden of proof.

The Court **denies** the motion for reconsideration of the preliminary injunction with respect to the likelihood of success on the merits.

### 2. Privity

The Smiths' motion for reconsideration as to the issue of privity is not based on new facts or law, but rather a disagreement with the Court's determination, in which the Court considered and summarized the Smiths' same arguments with regard to privity and collateral estoppel. The Court denies the motion for reconsideration of the issues regarding privity, as none of the criteria for reconsideration in L.R. 7-18 is met. See United States v. Davis, No. CR 04-00770 RGK, 2008 WL 2073933, at *1 (C.D. Cal. May 9, 2008) ("A motion for reconsideration 'is not a vehicle to reargue the motion or to present evidence which should have been raised before.'") (internal citation omitted).

### C. Motion to Dismiss/Stay

In light of the Court's finding that collateral estoppel applied to the case, Nerium moved to dismiss or stay pending the outcome in arbitration. (Mot., Dkt. No. 120.) The Smiths opposed the motion, arguing that: (1) Cal. Lab. Code § 925 applies and requires claims to be litigated in California under California law; (2) the parties did not clearly and unmistakably agree to a delegation provision; and (3) even if they agreed to a delegation provision, the whole arbitration provision, including the delegation provision is unconscionable. (Opp'n, Dkt. No. 121.)

### 1. Clear and Unmistakable Delegation Clause

The Court first addresses the Smiths' argument with respect to the delegation provision. The Texas state court previously found that the parties agreed to arbitrate "in accordance with the Commercial Arbitration Rules of the American Arbitration Association." These rules provide that "[t]he arbitrator shall have the power to rule on

**JS-6/STAY**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." AAA, Commercial Arbitration Rules and Mediation Procedures, R-7. The "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015). The Court is persuaded by the reasoning in Gountoumas v. Giaran, Inc., No. CV 18-7720-JFW(PJWX), 2018 WL 6930761 (C.D. Cal. Nov. 21, 2018), in which that court joined the majority of courts finding that although the facts in Brennan were limited to sophisticated parties, it applies similarly to non-sophisticated parties. Id. at *5. And even if Brennan's holding is limited to sophisticated parties, the Smiths qualify as sophisticated parties capable of understanding the implications of incorporating the AAA rules in the arbitration provision. See id. at *6 ("Based on her own admissions regarding her qualifications and her description of the services she performed for Giaran, Plaintiff was a sophisticated party who was certainly capable of understanding the consequences of the incorporation of the AAA rules."). Thus, the Court finds that there was a clear and unmistakable delegation provision.

### 2.     Unconscionability

Under California law, "procedural and substantive unconscionability 'must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.'" Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000) (citing Stirlen v. Supercuts, Inc., supra, 51 Cal. App.4th 1519, 1533 (1997)). The Smiths contend that the arbitration agreement as a whole, including the delegation provision, is both procedurally and substantively unconscionable. In terms of procedural unconscionability, the Smiths characterize the agreement as being take-it-or-leave-it such that the Smiths were subject to a contract of adhesion. (Opp'n, Dkt. No. 121 at 20.) Defendants do not challenge the Smiths' contention that the agreement is procedurally unconscionable. (Reply, Dkt. No. 122 at 12.) With respect to substantive unconscionability, the Smiths indicate that the choice-of-law provision, as it pertains to the delegation clause, prevents the arbitrator from considering arguments related to unconscionability under California law. (Id. at 21–23.) The Smiths cite a California Court of Appeals decision for support, which states:

**JS-6/STAY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. | | |

[A delegation] clause may be found substantively unconscionable where it imposes an unfair burden that is different from the inherent features and consequences of delegation clauses. Specifically, Pinela points out, because of the Texas choice of law provision, an arbitrator addressing Pinela's argument that the Agreement as a whole is unconscionable would not have the authority to apply California unconscionability standards in making that determination. From this premise, Pinela argues the Texas choice of law provision—as applied under section 19 of the Agreement, the delegation provision—renders section 19 unconscionable because it unfairly restricts the legal arguments that he can make if he is required to arbitrate his claim that the NMG Arbitration Agreement is unconscionable. . . .

We conclude it has merit. As noted, section 16 of the NMG Arbitration Agreement (the choice of law provision) requires application of Texas law (or, in some instances, Fifth Circuit law), and specifies: *"The arbitrator does not have the authority to enlarge, add to, subtract from, disregard, or . . . otherwise alter the parties' rights under such laws, except to the extent set forth herein."* (Italics added.) While section 19 provides the arbitrator will determine a challenge to the enforceability of the Agreement brought by a California employee of NMG (such as Pinela), section 16 prohibits the arbitrator from applying California unconscionability standards in making that determination.

Pinela v. Neiman Marcus Grp., Inc., 238 Cal. App. 4th 227, 246 (2015) (internal citations omitted). Since the Policies and Procedures likewise contain a similar choice-of-law clause, the Smiths argue that the reasoning in Pinela applies to this case such that the delegation clause is unconscionable. (Opp'n, Dkt. No. 121 at 21–22.)

Defendants instead indicate that the choice-of-law provision would not bar an arbitrator from considering the Smiths' arguments regarding unconscionability under California law in determining whether the claims are arbitrable. (Reply, Dkt. No. 122 at 12–13.) See Gountoumas, No. CV 18-7720-JFW(PJWX), 2018 WL 6930761, at *9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-01088JVS(PLAx) | Date | September 10, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

(finding that Pinela was not controlling and determining that the "choice-of-law provision certainly does not prevent the arbitrator from applying California law to determine whether the Arbitration Provision . . . is unconscionable."). In addition, Defendants state that if the Court determines that "the law applicable to choice of law and no-modification clauses means that the Texas arbitrator could not consider Plaintiffs' California law arguments—then Defendants would agree to waive its terms to the extent it prohibited the arbitrator from considering California law in the pending arbitration proceeding against the Smiths, including without limitation whether the choice of law clause or the arbitration agreement is unenforceable as unconscionable by applying California law." (Reply, Dkt. No. 122 at 13–14.)

Given Defendants' concession that the arbitrator can consider California law in determining the arbitrability of claims, the Court finds that the Smiths have not carried their burden of demonstrating substantive unconscionability. The arbitrator can still address the Smiths' arguments related to unconscionability under California law despite any choice-of-law provision, and Defendants are estopped from arguing otherwise. See Ratajesak, No. SACV189396DOCAGRX, 2019 WL 1771659, at *7 (finding that "nothing in the delegation clause limits the arbitrator's ability to determine whether the . . . choice-of-law provision is unenforceable when defendant conceded that '[t]he delegation clause empowers the arbitrator to invalidate the arbitration agreement if it is unconscionable—and even to apply California unconscionability law in doing so.'"). Accordingly, the Court finds that substantive unconscionability does not bar enforcement of the delegation clause.

### 3.   Section 925

As with the Smiths' arguments regarding California law on unconscionability, the Smiths' arguments as to the effect of Cal. Lab. Code § 925—if any—on the arbitration provision are properly reserved for the arbitrator to whom the parties delegated the question of arbitrability. See Ratajesak, No. SACV189396DOCAGRX, 2019 WL 1771659, at *6 ("Plaintiffs' arguments regarding . . . the application of California Labor Code Section 925 . . . may well render the claims unarbitrable. But under the contract, the parties clearly and unmistakably delegated this question to the arbitrator.").

### 4.   The Court Stays the Case

JS-6/STAY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-01088JVS(PLAx) | | Date | September 10, 2019 |
|---|---|---|---|---|
| Title | Mark Smith, et al. v. Nerium International, LLC, et al. | | | |

Another proceeding that may have a substantial impact on the case may constitute a compelling reason to grant a stay. A district court therefore may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. at 863–64.

Although Defendants urge the Court to dismiss the Smiths' claims, the Court opts instead to **stay** the case pending the outcome of arbitration, as the parties' arguments demonstrate that the issue of the arbitrability of claims may be addressed by the arbitrator. In addition, although Defendants Bo Short and Deborah Heisz have not appeared in this action, the claims against them may likewise be stayed, as the arbitration provision provides that it applies to causes of action related to Nerium's officers, directors, and employees. (Dkt. No. 57 ¶ 11.09(a).) Since the TAC indicates that Bo Short is "President of Nerium International" and Deborah Heisz is "Co-Chief Executive Officer of Nerium International," the claims against may also be implicated by the arbitration proceedings. (TAC, Dkt. No. 106-1, Ex. A ¶¶ 3-4.)

## IV. CONCLUSION

For the foregoing reasons, the Court **grants** the motion for leave to amend, **denies** the motion for reconsideration, and **stays** the case pending the outcome in arbitration. The Court directs the parties to file a Joint Report in six (6) months informing the Court of the status of the arbitration proceedings, every six months thereafter, and when a result is reached in those proceedings.

The Court finds that oral argument would not be helpful in this matter, and the September 16, 2019 hearing is vacated. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

**JS-6/STAY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    SACV 18-01088JVS(PLAx)                    Date    September 10, 2019

Title    Mark Smith, et al. v. Nerium International, LLC, et al.

|  |  | : | 0 |
|---|---|---|---|
| **Initials of Preparer** | lmb |  |  |

# ATTACHMENT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. | |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   [IN CHAMBERS] Order Regarding Motion for Preliminary Injunction

Plaintiffs Mark Smith ("Mark") and Tammy ("Tammy") Smith (together "the Smiths") filed a motion for a preliminary injunction to enjoin arbitration proceedings ordered by a state court in Texas. (Mot., Dkt. No. 77.) Defendants Nerium International, LLC ("Nerium") and Jeff Olson ("Olson") (together—"Defendants") opposed the motion. (Opp'n, Dkt. No. 78.) The Smiths filed a Reply. (Reply, Dkt. No. 84.) The Court requested supplemental briefing from both parties, and the parties filed their respective responses. (Order, Dkt. No. 88; Supp Briefs, Dkt. Nos. 95-96.) Defendants filed objections to the Smiths' supplemental briefing. (Obj., Dkt. No. 99.)

On the same day that the Smiths filed their Reply brief, they filed an ex parte application requesting that the Court immediately decide the motion on the preliminary injunction, move up the hearing date on the motion, or temporarily stay the arbitration proceedings pending the Court's decision on the motion set for the June 3, 2019 hearing date. (Ex Parte, Dkt. No. 85.) Defendants opposed the application. (Opp'n, Dkt. No. 86.) The Court temporarily stayed the arbitration proceedings pending decision on this motion. (Order, Dkt. No. 87.)

For the following reasons, the Court **denies** the motion for a preliminary injunction.

## I. BACKGROUND

On February 23, 2018, the Smiths filed this suit against Nerium in California state court, alleging that Olson had demanded that they make fraudulent statements about Nerium's products, and that Olson had harassed and discriminated against Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

based on their religion and Tammy based on her gender. (Complaint, Dkt. No. 1-1.) On February 26, 2018, the Smiths filed a notice with the Department of Fair Employment & Housing ("DFEH"), seeking an immediate right to sue notice based on discrimination and harassment by Olson. (Id. ¶ 117.) Nerium removed the Smiths from their position as Chief Field Officers and Master Distributors, excluded Tammy from her weekly corporate telephone conferences, closed the Smiths' company credit cards, removed the Smiths' administrative privileges, and "auctioned off" their positions, among other things. (Id. ¶¶ 118, 119.) The Smiths filed amended notices with DFEH on March 15, 2018 to include additional claims against Nerium. (Id. ¶ 117; Exs. C, D.)

On March 20, 2018, Nerium filed suit against Mark and Mark & Tammy Smith, LLC, among others (the "Smith group") in Dallas, Texas state court ("the State court proceeding") seeking an injunction preventing the Smith group from soliciting Nerium's Brand Partners and employees. (Green Decl., Docket No. 52-1 ¶ 10.)

On June 18, 2018, Defendants removed this action to federal court on the basis of diversity jurisdiction. (Not., Dkt. No. 1.)

On July 26, 2018, Defendants submitted an arbitration demand with the AAA in Texas. (Demand, Dkt. No. 80-3 at 82–91.)

On August 6, 2018, the Smiths filed an ex parte application with this Court to enjoin the AAA arbitration in Texas. (App., Dkt. No. 15.) On August 8, 2018, the Court denied the application to enjoin the arbitration "without prejudice to removal after the Court has ruled on Nerium's anticipated motions challenging jurisdiction and seeking to transfer the case." (Order, Dkt. No. 23.) On August 13, 2018, Defendants filed four motions, including a motion to dismiss for lack of personal jurisdiction and failure to state a claim, a motion to transfer, and a motion to dismiss or stay pending arbitration. (Mots., Dkt. Nos. 27–30.) On August 28, 2018, the hearings on Defendants' motions were continued for seven weeks. (Cont., Dkt. Nos. 36–37.)

On August 30, 2018, Nerium filed its motion to compel arbitration in the Texas State court proceeding. (Latin Decl., Dkt. No. 78-2, Ex. 1.) The Smith group filed a response and a motion to stay arbitration on September 28, 2018. (Id., Dkt. No. 78-4, Ex. 2.) The Smith group's response and motion to stay arbitration emphasized that the Texas State court "must determine threshold arbitrability issues, including whether the [Smiths]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

are bound by an arbitration agreement, Nerium's waiver of arbitration, and Nerium's prior material breach and fraud." (Id. at p. 2.) Nerium's reply brief stated, "Where, as here, the parties' arbitration agreement expressly incorporates the 'Commercial Arbitration Rules of the American Arbitration Association,' the only 'gateway' issue to be decided by the Court is whether an arbitration agreement exists between the parties—i.e., whether the basics of contract formation occurred." (Reply, Motion to Compel, Cause No. DC-1803726). The Texas State court thereafter conducted an evidentiary hearing, including live testimony by Mark, Megan Leckband ("Leckband"), and Kayla Wager ("Wager"). In their respective closing statement, counsel for both parties urged the court to decide whether there was an agreement to arbitrate. (Transcript, Dkt. No. 86-1, 137:8-139:7, 143:22-144:7, 146:3-6, 150:1-8.)

On November 16, 2018, the Texas state court granted Nerium's motion to compel arbitration and stay the State court proceeding pending arbitration. The Texas State court's decision states the following in its entirety:

> Before the Court is Plaintiff Nerium International, LLC's Motion to Compel Arbitration and to Stay pending arbitration, filed on August 30, 2018. Having considered the motion, the briefing, the evidence, the applicable law, and the arguments of counsel, the Court GRANTS Plaintiffs Motion to Compel Arbitration and to Stay.
>
> It is therefore ORDERED that (1) as provided by the parties' agreement, the claims and defenses asserted between and among the parties hereto are compelled to arbitration in Dallas, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and (2) all proceedings in this lawsuit are stayed pending that arbitration, until further order of this Court. Nothing in this Order alters or affects the Temporary Injunction issued May 21,2018.

(Order, Dkt. No. 78-5, Ex. 3) (emphasis added).

On December 13, 2018, Defendants re-noticed their four motions. (Not., Dkt. Nos. 47–50.) At the hearing on those motions, the Smiths' counsel represented to the Court:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

> [I]n the tentative, the Court goes on to talk about giving weight to the Court's determination in Texas on a motion there. It says: "Regardless of whether the Texas state court case is binding, the Court is persuaded by the Court's findings that a valid contract to arbitrate existed." Well, the Court didn't deal with a valid contract to change venue or a forum selection clause. That was with regard to the arbitration clauses. In any event, that is an issue that is currently on appeal in Texas. I believe oral argument is set for April of this year.

(Transcript, Dkt. No. 81, 7:9-18) (emphasis added).

On April 3, 2019, the Court found that there was personal jurisdiction as to Olson and Nerium with respect to claims 1-6, 9-15, and 17-23. (Order, Dkt. No. 71 at 15.) The Court denied the motion to transfer, finding that there were "factual disputes related to whether Leckband or Mark performed the Click-Through, and whether Mark and Tammy accepted the benefits of the Policies and Procedures through their compensation—at least in part—through those Policies and Procedures," and noting the Smiths' counsel's representation regarding a pending appeal regarding the Texas state court proceeding. (Id. at 20, n. 9, 21.) The Court also requested that the parties file a Joint Report for their proposals on the contract formation issue. (Id. at 29.) The Court indicated that the outcome may require the court to "revisit the issues addressed in [its] order." (Id.)

On April 15, 2019, the parties submitted their Joint Report. (Joint Report, Dkt. No. 72.) Counsel for the Smiths clarified the following with respect to the pending appeal referenced at the hearing:

> There is an appeal pending in the Texas matter on an earlier order granting a temporary injunction against Defendants, Mark and Tammy Smith. While the arbitration ruling is not being challenged on appeal, Mark and Tammy Smith continue to contend there is "no agreement" as a defense in the arbitration.

(Joint Report, Dkt. No. 72 at 2–3) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. | |

On April 30, 2019, the Smiths filed a motion for a temporary restraining order immediately enjoining Defendants from pursuing their AAA arbitration claim, dated July 26, 2018, pending this Court's ruling on the issue of arbitration. (Mot., Dkt. No. 77.) On May 13, 2019, the Court invited the parties to discuss positions related to collateral estoppel at the June 3, hearing on the motion for temporary restraining order. (Order, Dkt. No. 79.)

On May 15, 2019, a Preliminary Hearing was held in the Texas Arbitration. (Brakefield Decl., Dkt. No. 84-3 ¶ 4.)

## II. LEGAL STANDARD

### A. Preliminary Injunction

On an application for a preliminary injunction, the plaintiff has the burden to establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 5, 20 (2008).

In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Moreover, in the Ninth Circuit Plaintiff may meet this burden if he "demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1429 (9th Cir. 1995) (internal quotations and citation omitted). "To reach this sliding scale analysis, however, a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits." Global Horizons, Inc. v. U.S. Dep't of Labor, 510 F.3d 1054, 1058 (9th Cir. 2007) (citing Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987)).

### B. Anti-Injunction Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. | | |

The All Writs Act provides that the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651. Congress has also enacted the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added). "[A]ny injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to s 2283 if it is to be upheld." Mitchum v. Foster, 407 U.S. 225, 229 (1972) (quoting Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286–87 (1970)). "Courts must construe the exceptions to the Anti–Injunction Act narrowly and resolve doubts in favor of letting the state action proceed." Quackenbush v. Allstate Ins. Co., 121 F.3d 1372, 1378 (9th Cir. 1997).

## III. DISCUSSION

### A.    Collateral Estoppel

At the outset, the Court will address Defendants' arguments that collateral estoppel operates to bar the injunction that the Smiths seek. The parties agree that state law should govern the dispute since the Court has diversity jurisdiction and offer both Texas and California law to support their positions.

### 1.    Texas Law

"Under both federal and Texas law, collateral estoppel applies when (1) the issue of fact or law sought to be litigated in the second action was fully and fairly litigated in the first action; (2) that issue of fact or law was essential to the judgment in the first action; and (3) the party against whom the doctrine is asserted was a party or was in privity with a party in the first action." City of San Antonio v. Cortes, 468 S.W.3d 580, 586 (Tex. App. 2015). "[F]or purposes of collateral estoppel there need not necessarily be a final judgment on the merits. Instead, the test for finality is 'whether the conclusion in question is procedurally definite.'" Id. (quoting Van Dyke v. Boswell, O'Toole, Davis & Pickering, 697 S.W.2d 381, 385 (Tex.1985); Restatement (Second) of Judgments § 13, comment (g) (1982)). "The factors to be considered in answering this question include

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. | |

whether "the parties were fully heard, [whether] the court supported its decision with a reasoned opinion [and whether] the decision was subject to appeal or was in fact reviewed on appeal." Van Dyke, 697 S.W.2d at 385 (quoting Restatement (Second) of Judgments § 13, comment (g) (1982)).

### 2.  California Law

Under California law, collateral estoppel applies only if: (1) "the issue sought to be precluded from relitigation [is] identical to that decided in a former proceeding;" (2) the issue was "actually litigated in the former proceeding;" (3) the issue was "necessarily decided in the former proceeding;" (4) "the decision in the former proceeding [was] final and on the merits;" (5) "the party against whom preclusion is sought [is] the same as, or in privity with, the party to the former proceeding." Lucido v. Superior Court, 51 Cal. 3d 335, 341 (1990).

### 3.  Applicability Based on Texas and California Law

In the absence of direction from the parties as to whether California or Texas law should be applied, the Court considers the relevant factors under the law in both jurisdictions and finds that the result is the same—collateral estoppel applies.

#### a.  Fully and Fairly Litigated and Actually Litigated

Defendants contend that the Smiths' request for an injunction must be denied because such an injunction is barred by collateral estoppel. (Opp'n, Dkt. No. 86 at 15.) Specifically, Defendants argue that "in the Texas State court, the parties vigorously litigated the exact same question of whether the Smiths had entered into the arbitration agreement, including through an evidentiary hearing," and that "deciding the issue of contract formation was essential to the Texas order compelling arbitration." (Opp'n, Dkt. No. 78 at 11–12.)

The Smiths instead argue that Defendants cannot prevail under either the California or Texas standards for collateral estoppel. First, the Smiths suggest that the existence of an arbitration agreement has not been fully litigated in the Texas state court proceeding because Texas law only requires a trial court to make a summary determination. (Reply, Dkt. No. 84 at 12.) See Tex. Civ. Prac. & Rem. Code Ann. § 171.021 ("If a party opposing an application [to arbitrate] denies the existence of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

agreement, the court shall summarily determine that issue."). In addition, the Smiths contend that "this issue is still set to be litigated as the arbitrator has stated that she will decide the issue." (Reply, Dkt. No. 84 at 13.) Second, the Smiths argue that the issue was not fairly litigated because the state court judge overruled objections when Nerium submitted evidence that had not been produced to them in discovery and "contradicted the agreed upon stipulations" that "Nerium had no computer or software records that would indicate what device was used to log into or access [the Smiths'] Back Office account." (Reply, Dkt. No. 84 at 12–13.)

The Court disagrees. The Texas state court considered live testimony from multiple witnesses related to the issue of the arbitration agreement and the Click-Through. As Defendants point out, while issues related to an agreement generally *may* be decided summarily in accordance with Texas law, they are not *necessarily* so decided. Instead, when a party opposing arbitration presents an issue of material fact related to an agreement to arbitrate, as occurred here, the trial court *cannot* summarily decide the issue. (Joint Report, Dkt. No. 72 at 8.) See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266 (Tex. 1992) ("[W]e hold that the trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts.") (emphasis added); Texas Health Res. v. Kruse, No. 05-13-01754-CV, 2014 WL 3408636, at *6 (Tex. App. July 11, 2014) ("If there is a genuine question of material fact concerning the existence of the agreement, the trial court may not summarily grant or deny the motion to compel arbitration but must conduct an evidentiary hearing to resolve the disputed material facts.") (emphasis added). Thus, as the vigorous objections by the Smiths' counsel at the evidentiary hearing reflect, the issue was fully litigated in the State court proceeding. And while the Smiths argue that the issue was not fairly litigated, they offer no legal authority for their contention that overruled objections necessitate a finding of "unfair" litigation. Moreover, the record makes clear that the trial court considered the Smiths' counsel's objections, and the Smiths' counsel stated, "[I]f Ms. Latin was successful in pulling a fast one on me because I was not as careful as I could have been [] about that language [in the stipulation], then shame on me." (Transcript, Dkt. No. 86-1, 141:11-143:3.) Accordingly, the Court finds that the agreement to arbitrate was fully, fairly, and actually litigated in the State court proceeding such that it satisfies the first element of collateral estoppel under both Texas law and the second element under California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. | | |

### b. Fact Essential to the Judgment or Necessarily Decided and Identical

The Smiths argue that under California law, the issues of fact in the motion to compel arbitration in the State court proceeding are not "identical" to those in this case, which involves Defendants' attempts to dismiss or transfer the case on the basis of an agreement containing a forum-selection clause. (Reply, Dkt. No. 84 at 14.) The Smiths also argue that the issues of fact regarding the agreement to arbitrate were not "necessarily decided" nor "essential" to the Texas state court's decision to compel arbitration because the state court may have decided in accordance with Nerium's arguments that "gateway" issues, including the existence of an agreement to arbitrate, were for the arbitrator to decide. (Id. at 13–14.)

"The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." Lucido, 51 Cal. 3d at 342 (internal citations omitted). Here, the Court finds that the same factual allegations as to the existence of the agreement to arbitrate were part of the evidentiary hearing in the State court proceeding such that the first element of collateral estoppel under California law is satisfied.

Additionally, the State court "necessarily" decided that there was a valid agreement to arbitrate. Specifically, the State court compelled arbitration "as provided by the parties' agreement" after considering live testimony from the same witnesses that the Smiths contend must be heard in an evidentiary hearing in this case. Although Nerium contends that since the State court order compelled arbitration "in accordance with the Commercial Arbitration Rules of the American Arbitration Association," it left it to the arbitrator to decide "gateway" issues of arbitrability, Texas law (and *both* parties' arguments about the application of Texas law) is clear that the existence of the agreement to arbitrate itself is an issue that *must* be decided by the court on a motion to compel arbitration. (Mot., Dkt. No. 78-2; Mot., Dkt. No. 29 at 12.) See Arnold v. Homeaway, Inc., 890 F.3d 546, 550 (5th Cir. 2018) ("When a party seeks to compel arbitration based on a contract, the first, and perhaps most obvious, question for the court is whether there is a contract between the parties at all."). Since the Court finds that the issues of fact were "necessarily decided" and "essential" to the State court's decision, collateral estoppel governs the existence of an agreement to arbitrate in this case under both the second element of Texas law and the third element of California law. See Sames v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

Amarillo II Enterprises, LLC, No. 2:17-CV-162-D-BR, 2018 WL 3598773, at *5 (N.D. Tex. July 2, 2018), report and recommendation adopted, No. 2:17-CV-162-D, 2018 WL 3586704 (N.D. Tex. July 26, 2018) (finding collateral estoppel when the "applicability of the arbitration clause was also clearly the issue that was litigated in the mandamus action and ultimately decided by the state trial court when it granted the stay").

### c. Final Decision on the Merits

Defendants indicate that "the Texas order compelling arbitration was sufficiently final to make the order eligible for collateral estoppel treatment," as is required when California law is applied. See Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp., 973 F.2d 711, 713 (9th Cir. 1992) ("[A] state order compelling arbitration is given preclusive effect in federal court. . . . This result is mandated because (A) an order compelling arbitration is given preclusive effect under California law and (B) federal courts must give the same full faith and credit to a state court order as state courts would give the order.") (internal citations omitted).

The Court agrees. While the Court had previously found that an evidentiary hearing may be warranted when it relied on the Smiths' counsel's reference to the appeal in the Texas state court case, the parties' clarification that the issue on appeal is not related to the State court decision compelling arbitration changes that calculus. (Joint Report, Dkt. No. 72 at 2–3.) The Court now finds that the decision compelling arbitration was a final decision on the merits entitled to preclusive effect under California law such that the fourth element of collateral estoppel is satisfied.

Additionally, while Texas law requires only that a judgment be procedurally definite, rather than a final judgment on the merits, the Court finds that the factors to be considered weigh in favor of finding that the State court decision compelling arbitration was both a final decision on the merits and procedurally definite. Although the State court decision is short and somewhat conclusory, the Court is convinced that "the parties were fully heard" after the evidentiary hearing. Van Dyke, 697 S.W.2d at 385.

### d. Privity

"The term 'privity' signifies that the relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon the others,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-1088-JVS(PLAx)                          Date   June 20, 2019

Title   Mark Smith, et al. v. Nerium International, LLC, et al.

although those others were not party to the lawsuit." City of San Antonio, 468 S.W.3d at
587 (quoting Gill & Duffus Servs., Inc. v. A. M. Nural Islam, 675 F.2d 404, 405 (D.C.
Cir. 1982)). "Privity exists when there is 'substantial identity' between parties, that is,
when there is sufficient commonality of interest. When a person owns most or all of the
shares in a corporation and controls the affairs of the corporation, it is presumed that in
any litigation involving that corporation the individual has sufficient commonality of
interest." In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983). "Under California law,
spouses are in privity with each other where the cause of action in the prior litigation was
'community in nature' and the 'proceeds of any judgment that might have been recovered
. . . would have belonged to both husband and wife, as community property.'" Mueller v.
J.C. Penney Co., 173 Cal. App. 3d 713, 723, 219 Cal. Rptr. 272, 280 (Ct. App. 1985)

Since Mark was involved in the State court case, the issue of privity only applies to
whether Tammy is also bound by the State court decision compelling arbitration. The
Smiths contend that there is no basis for collateral estoppel against Tammy because
Nerium never named her in the Texas state court case individually, did not allege that she
performed the Click-Through, and there was no finding that she agreed to be bound by
the arbitration procedures. (Reply, Dkt. No. 84 at 17–18.)

Defendants instead argue that Tammy was in privity both with Mark as her spouse
and with Mark and Tammy Smith, LLC, since she and Mark are the sole owners of
it—both of whom were bound by the State court decision. (Opp'n, Dkt. No. 78 at 6.)
The Court agrees. Importantly, the Smiths do not refute Defendants' arguments that
Tammy is in privity with Mark and the company that she and Mark own in their reply
brief; rather, they acknowledge that collateral estoppel may be asserted against one who
is in privity with a party to the former proceeding, but only reiterate that Tammy was not
involved in the State court proceeding. (Reply, Dkt. No. 84 at 11, 17–18.) At the
hearing, counsel for the Smiths confirmed that Mary and Tammy own Mark and Tammy
Smith, LLC and again acknowledged the argument regarding privity in support of the
Smiths' intention to seek leave to amend the complaint to include Mark and Tammy
Smith, LLC as a plaintiff. (Transcript, Dkt. No. 103, 12:15-22:1.) Since there is
"substantial identity" between Tammy and Mark and Tammy, LLC due to her ownership
in the corporation, and Tammy is Mark's spouse, the Court finds that privity exists
between the parties such that collateral estoppel applies under the third element of Texas
law and the fifth element of California law. See In re Gottheiner, 703 F.2d at 1140.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

Since the test for collateral estoppel is met under both California and Texas law, the Court finds that the State court's decision that an agreement to arbitrate existed binds this Court.

## B.  Preliminary Injunction

### 1.  Application of the Anti-Injunction Act

Defendants also contend that the Court cannot enjoin the state-court-ordered arbitration because the Anti-Injunction Act bars such an injunction and none of the enumerated exceptions apply. (Opp'n, Dkt. No. 78 at 6–10.) The Smiths instead argue that the second exception to the Anti-Injunction Act applies such that the Court can enjoin the state-court-ordered arbitration proceedings because doing so is "necessary in aid of its jurisdiction." (Reply, Dkt. No. 84 at 4–7.)

The Court need not reach the issue of whether the Anti-Injunction Act applies in this context, as the Court's finding of collateral estoppel indicates that the Smiths are unlikely to succeed on the merits such that a preliminary injunction is unwarranted.

### 2.  The <u>Winter</u> Factors

#### a.  Likelihood of Success on the Merits

In the parties' analysis of whether the Smiths are likely to succeed on the merits or raise serious questions going to the merits, the parties largely rehash the same arguments that they made on their prior briefing for Defendants' motion to stay. (Opp'n, Dkt. No. 53 at 6–16; Reply, Dkt. No. 64 at 1–16.) Defendants, however, point out that while their prior motion to stay was denied—partly because Defendants did not succeed in carrying their burden of proof that there was an agreement to arbitrate—the Smiths now have the burden of persuasion on the preliminary injunction. (Opp'n, Dkt. No. 78 at 17.) Defendants state that they have extensive evidence demonstrating that the Smiths agreed to arbitrate and contend that in light of such evidence, the Smiths cannot meet their burden of showing that they are likely to succeed in proving that they are not bound by the arbitration agreement. (Id.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1088-JVS(PLAx) | Date | June 20, 2019 |
|---|---|---|---|

| Title | Mark Smith, et al. v. Nerium International, LLC, et al. |
|---|---|

The Smiths instead argue that they are likely to succeed in proving that they are not bound by the arbitration agreement, or at the very least can show that there are serious questions going to the merits that justify a preliminary injunction. (Mot., Dkt. No. 77 at 7.) See All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011) ("'[S]erious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met.").

Since there is no longer a dispute of fact to be resolved with respect to the agreement to arbitration, the Smiths are unlikely to succeed on the merits and there are no serious questions going to the merits. Thus, the Court need not consider the other factors and **denies** the motion for preliminary injunction

### IV. CONCLUSION

For the foregoing reasons, the Court **denies** the preliminary injunction to stay arbitration.

### IT IS SO ORDERED.

|  |  | : | 0 |
|---|---|---|---|
| **Initials of Preparer** | **lmb** |  |  |